M. DEAN & COMPANY V. S. S. ZENOR, Sheriff, Appellant.

OBJECTION TO INSTRUCTIONS.   Objections to instructions cannot be considered, it not appearing that they were excepted to, or that the ground of objection thereto was set out in the motion for a new trial.

*Insufficient assignment of error.*   An assignment of error that "the court erred in overruling the motion for new trial" is insufficient, and does not attack the sufficiency of the evidence; there having been four other separate grounds assigned in the motion for a new trial, in addition to the one that the verdict was contrary to the evidence.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

SATURDAY, DECEMBER 14, 1895.

Action of replevin to recover certain goods and merchandise. Trial by jury.   Verdict and judgment for plaintiff.   Defendant appeals.—*Affirmed.*

*A. U. Quint, D. W. Woodin,* and *F. M. Powers* for appellant.

*Cardell & Nichols* for appellees.

Rothrock, J.—The plaintiffs are wholesale merchants, and they sold a bill of goods to one Nichols, a retail dealer.   It appears that Nichols was insolvent.   Some time after the goods were sold, the stock in trade of Nichols was attached for debt by a writ in the hands of the defendant, as sheriff.   The cause of action set out in the petition is that Nichols was insolvent when he purchased the goods of plaintiffs, and that plaintiffs were ignorant of the fact; that Nichols represented that he was solvent, and able to pay for the goods purchased; that the representations were false, and that they were made for the purpose of cheating and defrauding the plaintiffs out of said goods; and that Nichols did not intend to pay for the goods.   The case is presented in this court upon an abstract and two amendments thereto.   Two paragraphs of the charge of the court to the jury are found in the abstract.   We cannot consider objections to these instructions because it does not appear that any exceptions were taken thereto. It does appear from the motion for a new trial that an objection to one of the paragraphs of the charge was made as follows: "The court erred in giving instruction No. 9 to the jury."   But it does not appear that any exception was taken when the instructions were given; and the abstract does not show that the motion for a new trial was made within three days after the verdict, and, if

it had been presented within that time, no ground of objection to the instruction is set out in the motion, as required by section 3996 of McClain's Code.

II. It is claimed in behalf of appellant that the abstract and amendments are abstracts of all the evidence; and the claim is made that the verdict is not supported by the evidence. There is no assignment of error attacking the sufficiency of the evidence. It is true, one assignment is in these words: "The court erred in overruling the motion for a new trial." One ground of the motion for a new trial was that "the verdict is contrary to the evidence." But the motion for a new trial is based upon five separate grounds, and the assignment of error relates to one ground just as much as the other. We need not cite cases in support of the rule that such, an assignment of error is insufficient.

III. Other assignments of error are directed to rulings made on the introduction of the evidence. We have examined the rulings in connection with the evidence, and we fail to discover any error. The questions objected to were propounded to parties to the action, and they called for evidence as to when the witnesses learned of the insolvency of Nichols, and as to what action they took in reference to the matter on learning of the insolvency. These questions were proper, because they elicited from the witnesses proper facts to be considered by the jury.

We discover no error, and the judgment of the district court is affirmed.