## National Horse Importing Company v. F. H. Novak, *et al.*, Appellants.

**Instruction Construed: IMPLIED WARRANTY.** In an action to recover the price of a stallion, an instruction that, if defendant purchased said horse for breeding purposes, which was known to plaintiff, and the horse was not suitable for that purpose, then there would be a partial failure of consideration, and, if so, the jury would have to determine how much less he was worth by reason of such failure, submits to the jury in effect, the question of implied warranty.

**False Representation: SCIENTER.** A failure of evidence tending to show scienter justified a court in refusing to submit to the jury the issue of false and fraudulent representations in the sale of a horse, in an action to recover the purchase price thereof.

**Amendments: DISCRETION.** Leave to file an amendment setting up an entirely new and distinct issue of which applicant knew all time may properly, be refused in the discretion of the court, when asked at the conclusion of the evidence on a second trial, no good reason appearing for not filing the same earlier, and the refusal being, moreover, without prejudice.

**Bill of Exception: TIME OF FILING.** A bill of exceptions filed March 31st, is filed in time where the verdict was rendered the preceding December 2d, and a motion for new trial was filed December 14th, and submitted January 4th, and overruled March 7th, at which time the court by consent of the parties allowed sixty days to prepare and file the bill of exceptions. Time so given is computed from the date of making the order and not with reference to the term at which the case was tried.

**New trial: NEWLY DISCOVERED EVIDENCE:** *Discretion.* A new trial hould be granted to defendant in an action on a note, for newly discovered evidence that a given stallion was sold to defendant at the time the note was dated, that such stallion was not a good

breeder and that plaintiff's agent knew such fact from actual observation and from statements made to him by persons who had bred their mares to the horse and that such agent had made admissions that he had had "trouble" with the stallion, though the granting of such new trial rests largely in discretion.

*Appeal from Johnson District Court.*—Hon. M. J. Wade, Judge.

## Friday, April 8, 1898.

Action at law upon a promissory note made and executed by defendants, F. H. and Frank Novak. Defense, false and fraudulent representations and breach of warranty in the sale of a stallion for a part of the purchase price of which the note was given. Defendants also plead a counter-claim for breach of warranty. Trial to a jury. Verdict and judgment for plaintiff, and defendants appeal.—*Reversed.*

*Bailey & Murphy* for appellants.

*Ranck & Bradley, John J. Ney* and *Hubert Remley* for appellee.

Deemer, C. J.—The appellants, or one of them, purchased two stallions of appellee, one known as "Prince Rupert," and the other as "Harvester"; and one of the issues in the case was as to which horse the note was given for. The jury found specially that it was given for "Prince Rupert," and that appellant Frank Novak, Sr., signed the note as surety only. Appellants contend that the evidence shows without dispute that the note was given for "Harvester." We do not agree with them in this contention. The evidence was in conflict, and the finding is not without support.

II. There were two trials of the case, and at the conclusion of the appellants' evidence upon the last trial, defendant Novak, Sr., offered an amendment

to his answer pleading that he signed the note as surety after it had been fully executed and delivered, and that there was no consideration for his contract. The only excuse for not filing it at an earlier day was that he was unacquainted with legal proceedings, and supposed his attorneys had obtained knowledge of the facts, and had filed such an answer. The trial court refused to consider the amendment, and of this complaint is made. While the rule is to allow amendments, and to refuse them the exception, yet the trial court is necessarily vested with a large discretion in such matters, and this court will not interfere in the absence of a showing of legal abuse of this discretion. *Heusinkveld v. Insurance Co.*, 96 Iowa, 224. · There is no such showing in this case. The amendment tendered an entirely new and distinct issue after the case had once been tried, and at the conclusion of defendant's evidence upon the second trial. No good reason appears for not filing it before that time. Indeed, it appears that defendant knew of the defense at all times, and that either he or his counsel were negligent, or that they had a "masked battery," which they did not uncover until the last moment. In either event the trial court was justified in not considering it. Moreover, the jury specially found the note was given for the stallion "Prince Rupert," and not for "Harvester." If it was so given, then it clearly appears from the evidence that it was signed by Novak, Sr., at the time of the trade, and upon an express agreement that it should be so signed; so that, in any event, there was no prejudice in refusing the amendment.

III.   Error is predicated upon the alleged refusal of the court to submit the question of implied warranty to the jury. If it be conceded that the pleadings raise

such an issue,—a proposition which is by no means free from · doubt,—yet we find that the court gave the following instructions: "(24) It is the law that, if defendants purchased said horse expressly for breeding purposes, and the company knew the purpose for which he was being bought, and knew that the defendants were buy-ing and fixing the price upon him with reference to that express purpose, and if he was not reasonably suitable for the purposes for which he was bought and sold as aforesaid, then there would be a partial failure of consideration, and the same is properly urged as a defense herein." "(26) Now, the purchase price of the horse 'Harvester' was $600, and for the purpose of this defense you will have to consider the $400 not repre-sented by this note as paid; and if, as aforesaid, there was a failure of consideration because he was not reasonably suited for the purposes for which he was bought and sold, you will have to determine how much less was he worth by reason of such failure than the pur-chase price $600; that is to say, the purchase price being $600, how much, if any, less than that amount, was he worth by reason of the defects complained of?" These instructions were in line with the one asked by appel-lants, and while they do not, in terms, relate to an implied warranty, yet such is clearly their effect; and the fact that the court said that such defense would, if established, amount to a partial failure of consideration, does not alter the case. The jury evidently found there was no implied warranty, and no prejudice resulted from the court's failure to state that the breach of such a warranty might be considered the basis for a counter-claim. Aside from this, however, the answer was much like the pleading filed by the defendants in the case of *Humbert v. Larson*, 89 Iowa, 258, wherein we held that no implied warranty was pleaded. We are

not called upon to determine whether, under the facts as claimed by appellants, there was an implied warranty.

IV. Appellants pleaded false and fraudulent representations in the sale of the horse "Harvester." The trial court directed the jury not to consider this issue, and of this complaint is made. That appellee's agent stated that the horse was a good breeder at or about the time he sold him is conceded, but we think there was such a failure of evidence tending to show scienter as that the court was fully justified, under the rule announced in *Meyer v. Houck*, 85 Iowa, 319, in refusing to submit this issue to the jury.

V. One of the grounds of the motion for a new trial was newly-discovered evidence. The affidavit of the witness whose evidence it is claimed was newly discovered discloses that he had charge, as agent and servant, of appellee, of the stallion "Harvester," with others, during the year 1889 and a part of the year 1890, and that said stallion was sold to appellants at the time the note in suit was dated. This affidavit further shows that the stallion was not a good breeder, and that the agent of appellee who sold him knew of that fact from actual observation, as well as from statements made to him by persons who had bred their mares to the horse. It also appears that this same agent made statements to the witness in which he admitted that they "had had trouble with 'Harvester.'" This evidence would be so clearly competent on the issue of false and fraudulent representations that no space need be taken for the discussion of that question. The showing of diligence in attempting to obtain this evidence is sufficient, and we are constrained to hold that, while the matter of granting a new trial upon such a ground is largely a matter of discretion in the

trial court, yet that the motion in this case ought to have been sustained.

VI. Appellee has filed a motion to strike the evidence from the record, for the reason that the bill of exceptions was not signed and filed within the time allowed by law. The jury returned their verdict on December 2, 1895. On December 14th, defendants filed their motion for a new trial. This motion was amended from time to time, and was not submitted to the court until the next term succeeding the one at which the case was tried. January 4, 1896, the motion was submitted, and on March 7th it was overruled. At the time of the overruling of the motion judgment was entered on the verdict; and on the same day, by consent of parties, the court gave defendants sixty days to prepare and file a bill of exceptions. The bill was signed and filed March 31, 1896. The claim that the bill should have been filed with reference to the term at which the case was tried is without merit. *Etter v. O'Neil*, 83 Iowa, 656. The motion is overruled.

Other matters presented in argument need not be considered, for they will not arise upon a re-trial. For the error pointed out, the judgment is REVERSED.