JAMES W. TURLEY v. BRYON GRIFFIN, Appellant.

**Instructions:** HARMLESS ERROR. An instruction that plaintiff could not recover on a certain state of facts because, as was erroneously stated, such facts amounted to a "fraud," was not prejudicial where the jury was elsewhere correctly instructed, without reference to fraud, that, on substantially the same state of facts, plaintiff could not recover.

SAME. The provision of Code, 1873, section 2786, that instructions allowed by the court, shall be marked "given" is directory only.

**Exceptions:** MOTION FOR NEW TRIAL: *Amendment.* Under Code, 1873, section 2789, providing that either party may take and file exceptions to the instructions within three days after verdict, a party who does not except to instruction when given or within three days after verdict, waives objections, and cannot urge them by way of amendment to a motion for a new trial, filed by leave of court, after the expiration of the three days.

SUFFICIENCY. An exception to the granting of a new trial is sufficient for a review of that ruling though the new trial was granted on a ground presented in an amendment to the motion which was filed by leave of court, without exception to the permission to file it.

SETTING OUT GROUNDS. Under Code, 1873, section 2789, requiring the
grounds of objection to be set out where the exceptions to instruc-
tions are first taken in the motion for a new trial, an objection such
as "contrary to law, not warranted by the facts and prejudicial to
the plaintiff" does not sufficiently set out the grounds thereof.

**Appeal:** REVIEW: *Granting new trial.* The supreme court reluct-
antly interferes with the granting of a new trial by the trial court,
but will not hesitate in determining whether or not the trial court
abused its discretion, where the precise ground on which it based
*its action is known.*

*Appeal from Delaware District Court.*—HON. FRED O'DONN-
ELL, Judge.

THURSDAY, OCTOBER 6, 1898.

ACTION to recover damages of defendant for negligence
as bailee. There was a trial to jury, and verdict for defend-
ant. Upon plaintiff's motion, the verdict was set aside and a
new trial ordered. From this order defendant appeals.—
*Reversed.*

*Yoran & Arnold* and *Dunham & Norris* for appellant.

*Bronson & Carr* and *B. J. Wellman* for appellee.

WATERMAN, J.—Plaintiff placed certain money and
papers in an iron safe belonging to and in the custody of
defendant. The safe was opened by some person, and the
property stolen, and this action is to recover its value. We
have none of the evidence before us. The instructions, how-
ever, are in the record, and they comprehend, besides those
given on the court's own motion, three paragraphs which were
given at defendant's request, and which are numbered, respec-
tively, 1, 2, and 2½. None of these instructions were
excepted to at the time they were given; neither was
any exception taken in the motion for a new trial
which was filed within three days after the verdict. The
date of the rendition of the verdict was February 28, 1893.
The motion for a new trial was filed March 1, 1893. On

October 17, 1894, by leave of court, plaintiff filed an amendment to his motion for a new trial, the first ground of which is as follows: "The court erred in submitting to the jury the instructions asked by the defendant; that they are contrary to law, not warranted by the facts, and prejudicial to the plaintiff; and also because the court erred in failing to mark them 'given.'"

The ruling of the court on this motion, as it appears in the record entry, and so far as is material here, is in these words: "It is ordered that said motion be, and the same is, sustained on part of first ground thereof, which alleges error in giving instruction asked by defendant, marked $2\frac{1}{2}$, to which defendant excepts," etc. It has been said quite often that this court interferes reluctantly with the action of the trial court when a new trial is granted. Much latitude is allowed for the exercise of its discretion; but it is a legal discretion that should control, and when, as in this case, we know the precise ground on which the court based its action, we have no hesitation in determining whether its discretion was abused. *Stockwell v. Railway Co.,* 43 Iowa, 470; *Riley v. Monohan,* 26 Iowa, 507. In the case at bar the court rested its decision solely upon a conceived error in instruction No. $2\frac{1}{2}$ given the jury at defendant's request. Appellant's contention is that this instruction was never excepted to by plaintiff until the amendment to the motion for a new trial was filed, some eighteen months after the verdict, and that this amendment should not have been considered. This is met by appellee with the assertion that the amendment was filed with leave of court, and that appellant took no exception to the court's action in this respect. We do not think appellant is prejudiced by a failure to object to the ruling of the court granting leave to file this paper. A motion is always considered as a whole and upon its merits. Plaintiff was at liberty to present any matters that he desired in his motion;

but it does not follow that he was entitled to a favorable consideration by the court of anything that he was not legally authorized to urge. Appellant was not interested in what plaintiff put into his motion, but only in what matters the court considered. Proper exception was entered to the ruling of the court on the motion, and this, we think, was sufficient.

II. Any error in the instruction was waived by plaintiff through his failure to except thereto, unless the court was justified in permitting him to amend his motion at the time and in the manner he did. Section 2789, Code 1873, provides, in substance, that either party may take and file exceptions to the instructions within three days after the verdict. Under this section we have held that, where exceptions are not taken at the time the instructions are given, they can only be preserved in writing filed within three days after the rendition of the verdict. *Dean v. Zenor,* 96 Iowa, 752; *Hallenbeck v. Garst,* 96 Iowa, 509. If exceptions are not taken within the time specified, they should not be considered, even if incorporated in a bill of exceptions duly signed. *Bailey v. Anderson,* 61 Iowa, 749. Where, by agreement of the parties, leave is granted for delay in filing the motion for a new trial, it does not authorize the incorporation in such motion of exceptions to the instructions, which were not taken at the proper time. *Bush v. Nichols,* 77 Iowa, 171; *Leach v. Hill,* 97 Iowa, 81. We think the instructions were not properly excepted to by plaintiff.

III. If it should be said that the court was justified in setting aside the verdict, if an erroneous instruction was given, even though no exception to it was preserved, we would respond that any such idea seems to be excluded by the terms of paragraph 8, section 2837, Code 1873; but no such terms tion is before us. Instruction No. 2½ does not differ in substance from No. 2 given at defendant's request, and the objection to the latter was overruled. The only discernible difference between these two instructions is that the word "fraud" is used in No. 2½. That the

word was improperly used may be conceded; but it is clear
that no prejudice to plaintiff could have resulted. The jury
was told in No. 2 that, on a certain state of facts, plaintiff
could not recover; and in No. 2½, on the same state of facts
repeated, it was said plaintiff could not recover because his
conduct, as set out, would amount to a "fraud." The two
instructions should stand or fall together. The trial court
held the first to be good, and the plaintiff does not complain.
The rule thus announced sustains the other instruction also.
Moreover, we will add here that we think the abstract propo-
sition of law contained in paragraph No. 2½, leaving out the
reason the trial court gives for its conclusion, is correct.

IV. So far, we have treated the amendment to the
motion for a new trial as presenting exceptions, proper in
form, to the instructions. Section 2789, Code 1873, pro-
vides, in substance, that, where exceptions to instructions are
first taken in the motion for a new trial, the grounds
of the objection must be set out. This is not done in
the motion in this case, further than to say that the
paragraphs under consideration were not marked "given"
by the court, as required by section 2786, Code 1873. We
regard this provision as directory only, and we may further
say in this connection that the trial court seems to have held
against plaintiff on this ground, and no exception was taken
thereto. Our conclusion is that, even if the trial court had
been warranted in considering this amendment to the motion,
nothing therein contained afforded any basis for its action
in setting aside the verdict.—REVERSED.