Carl Busse, Appellant, v. Wilhelm Schaeffer, et al., Appellees.

**Wills:** ACTION TO SET ASIDE ORDER OF PROBATE: PARTIES. In an action
1  by a son and devisee to set aside an order admitting to probate a codicil to a will on the ground of undue influence, which instrument reduced the devise to plaintiff's son and grandson of the testator, a failure to make the grandson a defendant in the action was not a defect of parties which would require the granting of a new trial.

**New trial:** REVIEW ON APPEAL. The appellate court will review an
2  order granting a new trial where the record discloses the situation as fully as it was presented to the trial court.

*Appeal from Scott District Court.—* Hon. J. W. Bolinger, Judge.  `

Monday, June 12, 1905.

Action to set aside an order admitting to probate an instrument purporting to be a codicil to a will. The record makes it appear that in January, 1900, Maria Busse, a widow, then living in Davenport, executed her will, by the

terms of which, among other things she made bequests to
her four children, the appellant Carl Busse, and the appel-
lees, Minna Doering, Marie Mielitz, and Wilhelm Schaeffer.
In April 1902, said Maria Busse executed a codicil to her
said will in which she directed that from the bequest to her
son, Carl Busse, as made in her original will, there should
be deducted the sum of $1,000, which sum should be divided
between her other three children, naming them as above.
In September, 1902, said Maria Busse executed a second
codicil, addressed to her said will and the first codicil, and
therein it was provided that, instead of $1,000 to be taken
from the share bequeathed Carl Busse and to be distributed
among her other three children as provided for in the first
codicil the amount to be so taken and so divided should be
the sum of $2,500. Said second codicil further provided
that there should be deducted from the bequest as made to
Carl Busse in the original will the further sum of $1,000,
which sum was bequeathed by the codicil to her grandson
Carl Busse, Jr. The death of said Maria Busse occurred a
few days after the execution of the second codicil, and later
on her said will, with each of the said codicils, was admitted
to probate. This action was brought by the said son of the
testatrix, Carl Busse, to set aside the order of probate in
so far as thereby the second codicil was admitted, the grounds
therefor, as alleged, being undue influence exerted by the
said sisters and brother of plaintiff, and mental incapacity
on the part of the testatrix, at the time of execution, to
make a will. The executor and the said sisters and brother
of plaintiff, were served with notice, and they came in and
joined in an answer, in which they denied specifically the
charges of undue influence, and want of mental capacity
on the part of the testatrix. Carl Busse, Jr., who is a minor
son of plaintiff, was not served with notice, and he did not
appear in any way to the action. Trial being had to a jury,
there was a general verdict in favor of plaintiff; also special
findings to the effect that the testatrix was mentally incom-

petent to make the second codicil, and that she was moved thereto by undue influence. In due time after verdict, the defendants filed a motion in arrest of judgment and for new trial, on the following, among other, grounds: "That the verdict is null and void, and of no force and effect, because there is a vital defect in the parties defendant, the said Carl Busse, Jr., grandson of testatrix, or his guardian, or next friend, was not made a party defendant, it appearing by the evidence that said grandson is alive and a minor." Upon the ground thus stated, the court sustained the motion, the verdict was ordered set aside, the said Carl Busse, Jr., was ordered made a party defendant, and thereupon a new trial of said cause was ordered to be had. From the ruling and order as thus made, the plaintiff appeals.— *Reversed.*

*Lane & Waterman* and *Schmidt & Vollmer,* for appellant.

*Ficke & Ficke* and *Chamberlin & Petersen,* for appellees.

BISHOP, J.— We do not hesitate to review an order granting a new trial, where, as in this case, the record makes disclosure of the situation as fully in all respects as, it was presented to the trial court. *Turley v. Griffin,* 106 Iowa, 161.

2. NEW TRIAL: review on appeal.

Waiving the matter of form in which the same was presented to the trial court, the only question in the case is this, Was there a vital defect of parties defendant in the sense that a new trial was made necessary on account thereof? We think this question must be answered in the negative. The statute provides that "the court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy between the parties before the court can not be made without the presence of

1. WILLS: action to set aside order of probate.

other parties, it must order them to be brought in." Code, section 3466. Now, clearly enough, the grandson, Carl Busse, Jr., was a proper party to the action. So far there is room for neither definition or argument. Giving to the grandson the character of a proper party, the plaintiff might well have named him as a defendant. He was not bound to do so, however, and of his failure the defendants could not be heard to complain. If, in their view, the presence of the grandson as a proper party was desirable for any reason, it was for them to bring him in. Now, for the purposes of the case, the statute sufficiently defines who is a necessary party, and, having the reading thereof before us, we may confine our further inquiry to the question in the case, re-stated, as it arises, upon consideration of the statute. It will be observed that no question is made in the record respecting the original will or the first codicil. As to the second codicil, the sole parties appearing to have any interest are the plaintiff, his brother and sisters, named as defendants, and Carl Busse, Jr., son of plaintiff. As it seems to us, a moment's consideration of the provisions of the codicil is sufficient to make it apparent that in respect of the several interests of the parties, antagonistically considered, the plaintiff, as now appearing, is arrayed against his brother and sisters, now defendants, on the one hand, and against his son, Carl Busse, Jr., on the other hand. As between Carl Busse Jr., and the devisees made defendants, there is neither antagonism or community of interest. Nor is there antagonism as between the interests of Carl Busse, Jr., and those of the executor representing the estate generally. The sum of $1,000, the subject-matter of the devise, inasmuch as it is sought to be carved out of the share given to Carl Busse, Sr., by the provisions of the original will, must go either to him under the will or to his son under the codicil. It is not a matter of legal moment to any other person which one of the two shall receive it.

What, then, is the situation? The defendants ought

not to be heard in complaint, because their interests could be in no wise affected by the supposed defect of parties. As to them, the sole question was whether the codicil making a devise to them had vitality as a testamentary instrument. The executor ought not to be heard in complaint, because the interests of the estate generally were in no wise involved in the controversy. It was for him only to pay the prescribed amounts to the one if the codicil was overthrown, and to the others, as designated, if the codicil was sustained. Moreover, the effort to overthrow the codicil, on the one hand, was in no way aided by the absence of Carl Busse, Jr., nor, on the other hand, did his absence in any way interfere with or impede the effort made to sustain the instrument. The failure on the part of plaintiff to make his son a party defendant, therefore, amounted to no more than a declaration of willingness on his part that payment of $1,000, to be taken out of his share, might be made to his son by the executor, and this in accordance with the provision of the codicil. And it seems clear, on principle and authority, that such should be held to be the legal effect dictated by the situation. According to plainest rules of procedure, plaintiff could have but one action to set aside the codicil, and there could be but one final judgment involving the subject-matter of the issue as presented by him. And it is the doctrine of all the cases that a property right cannot be affected by a judgment to which the holder of the right has not in some way been made a party of record. *Moore v. Held,* 73 Iowa, 538. As to Carl Busse, Jr., therefore, it would seem the duty of the executor of the estate, in making distribution thereof, to pay over to him, or for his benefit the sum of $1,000, to be taken from the amount otherwise devised to his father, and as provided for in said second codicil; the balance of the estate to be distributed according to the provisions of the original will and the first codicil thereto.

The question which the case presents is a novel one,

in view of the peculiar facts. The cases of *Palmer v. Blair,* 25 Iowa, 230, and *Johnson v. Gaylord,* 41 Iowa, 362, cited and relied upon by counsel for appellees, are not analogous either as to the fact situation, or the question involved. Nor, in the limited search possible for us to make, have we discovered any case of value as an authority in point. On the whole, however, we are satisfied with the conclusion that judgment should have been entered on the verdict. Accordingly the order appealed from is reversed, and the cause remanded for further proceedings according to law.— *Reversed.*