BETTIE L. TURNER, Appellant, v. O'DEA MOTOR COMPANY et al., Appellees.

**APPEAL AND ERROR:** New Trial—Deference to Trial Court. An order for a new trial will not be disturbed on an imperfect appellate record which, however, reveals the fact (1) that the court was not satisfied with his submission of the cause, and (2) that the instructions did not clearly present the outstanding issue.

Headnote 1: 4 C. J. pp. 521, 552, 553.

*Appeal from Des Moines Municipal Court.*—H. F. ZEUCH, Judge.

MAY 10, 1927.

REHEARING DENIED OCTOBER 1, 1927.

Appeal by the plaintiff from an order granting a new trial in a jury case.—*Affirmed.*

*Chester J. Eller,* for appellant.

*Carl Missildine* and *C. B. Hextell,* for appellees.

EVANS, C. J.—The plaintiff's action was at law, and was to recover the alleged purchase money paid for an automobile, on

the ground that she had been induced to purchase the same upon false representations. The alleged false representations were that the automobile had been represented as new and unused, whereas it had in fact been previously sold, and used by the previous purchaser. Before the offer of rescission, the plaintiff had used the automobile to the extent of 5,000 miles of travel, and had suffered a serious accident therewith, whereby it was seriously damaged. Though the evidence took a wide range, yet the issue of fact developed thereby was very narrow, and thereby invited concise and pointed instructions. These should have been directed to questions in dispute, rather than to the formal allegations of all the elements of the case. The instructions in fact were lengthy, and were quite indiscriminate in their emphasis, and left an impression of dispute, where none in fact existed. A verdict being rendered, the court was not satisfied with its submission of the case, nor with the verdict. If there were nothing more to be said, this of itself would tend to sustain the discretion of the court in awarding a new trial. Other reasons are present, however, which operate against the appellant and her claim for a reversal.

The appellant presents a deficient record. Appellant's abstract does not disclose any of the rulings upon which error and argument are predicated. It does not disclose, except by inference, what the order appealed from was. It does not disclose what the verdict was. The appellees in their amended abstract supplied some of these deficiencies, by setting forth their exceptions and their motion for a new trial and the court's ruling thereon. One of the exceptions, which the court sustained, assailed the instruction on measure of damage. The tendency of such instruction, as alleged, was to invite an excessive verdict. But neither abstract sets forth the verdict, nor discloses the amount thereof.

Plaintiff's action was predicated upon an alleged rescission, and that plaintiff had returned the car and had demanded back the purchase price paid by her. The court submitted the case to the jury on that theory. One of the grounds upon which it sustained the motion for a new trial was that it was error to have submitted the case on such theory, for the reason that she had lost her right of rescission, if any she had, before she purported to exercise the same. In our judgment, the view thus expressed

by the court is a correct one. This being so, we have no occasion to consider other features of the record.

The judgment below is affirmed.—*Affirmed.*

STEVENS, ALBERT, MORLING, and KINDIG, JJ., concur.

DE GRAFF, J., dissents.