RAYMOND J. KESSEL, Administrator, Appellee, v. EDMUND V. HUNT, Appellant.

No. 41683.

OCTOBER 25, 1932.

Ralph Munro and McCoid, McCoid & McCoid, for appellee.

Thoma & Thoma and Miller, Miller & Miller, for appellant.

EVANS, J.—Primary Highway No. 34 runs east and west. On the night in question, the decedent travelled upon it as a pedestrian, proceeding easterly thereon. His line of travel was along the center of the south lane of the highway. That is to say, he travelled with the east-bound traffic. The defendant was travelling upon the same highway and in the same direction, in his automobile, carrying a number of guests and driving from 40 to 45 miles an hour. A curve in the road deflected the lights of the defendant momentarily away from the paving. Some confusion resulted also from the lights of an automobile approaching from the east. The two automobiles met and passed each other. Immediately thereupon the defendant discovered the decedent walking upon the pavement in the middle of the south lane and only ten feet distant from him. He quickly turned the automobile to the left and across the pavement in that direction, but was unable to avoid contact with the decedent. The front right corner of the automobile struck the decedent and caused him to fall to the pavement with resulting injuries, which later culminated in his death. For the purpose of this discussion we shall assume the negligence of the defendant. The questions for our consideration involve only the question of contributory negligence of the decedent.

He was a normal man from fifty-five to sixty years of age. A half an hour before the accident he had been passed by other automobilists on the same road whereby some danger of collision was encountered. He was at that time walking along the center of the south lane of the pavement. At that time he hurried across the pavement from the south side to the north side. He wore dark clothes, and was not observable except by the aid of automobile lights. He made no apparent effort to step to the side of the paving or to protect himself in any manner from the approach of the automobile. It was contended for the defendant that he was guilty of contributory negligence, and such issue was submitted to the jury together with the issue as to the defendant's negligence. The jury rendered a general verdict for the defendant. The plaintiff filed a motion to set aside the verdict, as already indicated.

■ ■ We are concerned at this point only with the complaint lodged against Instruction 12. It appears indirectly that upon the hearing of this motion the plaintiff specifically challenged Instruction 12, as being erroneous. The exception lodged against the instruction was that it imposed upon the plaintiff an undue burden of proof. This exception was sustained by the court. Instruction 12, given by the court, was as follows:

"A pedestrian, equally with the operator of an automobile, has the right to be on and to use the traveled portion of a highway. The statute does not specify any particular part of the traveled way upon which a pedestrian must walk, nor does it specify on which side of him an automobile overtaking him must pass; nor does the State require him to get out of the traveled way for an automobile overtaking him. The pedestrian is required at all times to exercise ordinary care for his own safety. A pedestrian walking along the traveled portion of a highway may assume that the driver of an automobile approaching him from the rear will not violate the law, and will exercise ordinary care in keeping a lookout for him. But this does not absolve the pedestrian from the duty to keep a reasonable lookout for vehicles approaching from the rear, as well as from the front, and to exercise ordinary care for his own safety. On the contrary, such pedestrian must exercise the degree of care for his own safety which an ordinarily careful and prudent man would exercise under like or similar circumstances. A failure to exercise such ordinary care constitutes negligence, and if such negligence, taken together with the negligence of the defendant, is the

proximate cause of the injury, then it constitutes contributory negligence, and such pedestrian cannot recover for such injury. And in this case, before the plaintiff can recover, he must establish by the preponderance of the evidence that the deceased, Ernest Lotger, was not guilty of contributory negligence."

The particular objection made by plaintiff to Instruction 12, and sustained by the court, was as follows:

"The Court failed to tell the jury that the duty of a pedestrian to keep a reasonable lookout for vehicles approaching from the rear as well as from the front does not require the pedestrian to turn about constantly and repeatedly to observe the possible approach of vehicles from behind him, especially where there is ample room for a vehicle to pass him."

The major question, therefore, that is presented on this appeal is whether Instruction 12, given by the court, should have been qualified by the conditions set forth by plaintiff in his objections thereto. The plaintiff asked no modification of it at the time it was given. Passing that fact, however, we take up the question whether the plaintiff would have been entitled to the modification now presented, if he had asked for it. The point urged by the plaintiff is that the pedestrian was not required to *protect his rear by constantly looking back*, and that the court should have given an affirmative instruction to that effect. In support of this proposition the appellant relies upon what we said in Pixler v. Clemens, 195 Iowa 529. That was a case where the pedestrian was walking on the left side of the street and therefore walking against the traffic. He necessarily faced all motor traffic over such lane. We held that a pedestrian walking upon the left side of the street was not bound "to anticipate the approach of an auto from behind on the side of the street on which he was walking and on a side of the street which the *auto was not expected to use*. In other words he was under no obligation to constantly look behind in anticipation of an auto approaching *on the wrong side of the street*." The foregoing holding has no application whatever to the case now under consideration. It is quite universally accepted at the present date that the left side of the street is the safer side for a pedestrian. By putting himself close to the left edge of the pavement the pedestrian faces all traffic without the inconvenience of looking around. Nevertheless the pedestrian is not bound to adopt such a course. He may walk on

the right side, if he will. His duty on whichever side of the street he walks, is to use ordinary care in the situation in which he puts himself and under all the circumstances surrounding him. "Ordinary care" is the legal standard. But we have also held that the degree of caution which constitutes ordinary care varies with the circumstances; that the greater the apparent danger, the greater the degree of caution which constitutes ordinary care. In other words "ordinary care" may expand or contract according to the circumstances in which the actor finds himself. A pedestrian walking upon the right lane of the paving encounters more danger from the rear than from the front; whereas one walking upon the left lane encounters his danger from the front. The approaching vehicles are usually before his eyes. To look back is only to turn his back upon the direction from which danger is to be apprehended. On the other hand if the pedestrian chooses to walk upon the right lane, as he has a right to do, he must nevertheless exercise ordinary care to avoid collision with motor vehicles, all of which will presumably overtake him from the rear. Plaintiff's complaint of Instruction 12, as given, was that it imposed upon the decendent the duty of ordinary care for the protection of his *rear*. In this case the pedestrian further increased the dangers of his position by walking in the middle of the right lane instead of at the edge thereof. This he had a legal right to do. But he was bound nevertheless to take notice of the increased possibilities of danger on such line of travel, as compared with the edge of the pavement. The evidence in this case strongly indicates that if the decedent had taken the precaution to walk near the south edge of the paving, instead of in the middle of the lane, he would have escaped injury from the approach of the automobile. He put himself farther away from the zone of safety at the edge of the paving. He would thereby force the passing automobile to encroach upon the left lane in order to get by him. He rendered himself less able to give an approaching automobile a passing space. Ordinary care was still his standard of duty. But it took on the proportion of the added danger voluntarily assumed by the defendant.

The contention of the plaintiff at this point is quite repudiated by our holding in the recent case of Ryan v. Shirk, 207 Iowa 1327. In that case we approved an instruction which was almost identical with that in the case before us, and denied to the appellant the

right of a modification somewhat similar to that now contended for by the plaintiff. In that case we said:

"The court charged in Instruction Number 11 that it is the duty of persons crossing a highway to use ordinary prudence and make reasonable use of their senses, and that, if decedent attempted to cross the highway and failed to use such reasonable and ordinary prudence and to make proper use of her senses, her failure would constitute negligence. Plaintiff contends that this instruction placed a duty upon the pedestrian to know the use being made of the highway, even though that use might be unlawful. In this connection we may consider plaintiff's complaint that the court refused his request to charge that, if decedent was traveling upon the highway as an ordinarily prudent person, she had the right to be there, and to travel anywhere upon the highway in safety, and she was *under no legal duty to look back or watch behind to see whether or not she was in danger from a vehicle approaching from the rear.* Also, complaint that the court refused plaintiff's request to charge that decedent was required only to use such care as would be exercised by an ordinarily prudent person, and had the right, while exercising such care, to travel upon any portion of the highway as she willed, and that the mere fact of traveling upon any portion is not, of itself, negligence. It is plaintiff's claim that no instruction was given on this subject. The court gave the usual definitions of the word 'negligence,' 'contributory negligence,' and 'ordinary care,' to which no exceptions are presented. He also charged that decedent was required to exercise such care in the use of the highway as an ordinarily careful person would exercise under the same or similar circumstances, having due regard to the use of the highway and the rights of others thereon. He specifically charged that the highway is a means of public travel, and both driver of automobile and pedestrian have the same right to use it for purpose of travel, and are charged with knowledge of its use, and required to use ordinary care; and that neither a pedestrian nor the driver is called upon to anticipate negligence upon the part of another person using the highway."

See also Livingstone v. Dole, 184 Iowa 1340; Wine v. Jones, 183 Iowa 1166; Rolfs v. Mullins, 179 Iowa 1223.

The issue at this point is boiled down to the simple proposition that every pedestrian and every driver of a motor vehicle are under

duty in the use of the highway to exercise ordinary care both for their own safety and for the safety of others, both in front and in the rear. We hold that Instruction 12, in the form in which it was given by the court, was correct as applied to this record, and that the plaintiff was not entitled to the modification contended for. The district court erred therefore in conceiving error in this instruction and in granting a new trial because thereof.

██ II. The appellant having shown error on the part of the court in granting a new trial on this particular ground, the question arises whether the appellee may save the ruling upon a showing here that the court erred in failing to sustain the motion for new trial upon other grounds than that adopted by it. Ordinarily we hesitate to interfere with the trial court's discretion in the granting of a new trial. The rule, however, has been long established that where a new trial is granted by the trial court strictly upon a definite question of law, it becomes our duty to review the order as we would any other alleged error, and to reverse the ruling, if erroneous. Shaw v. Sweeney, 2 G. Greene (Iowa) 587 (1850); Stewart v. Ewbank, 3 Iowa 191; Cook, Sargent & Cook v. Sypher, 3 Iowa (Clarke) 484; Riley v. Monohan, 26 Iowa 507; Stockwell v. C. C. & D. R. Co., 43 Iowa 470; Turley v. Griffin, 106 Iowa 161; Busse v. Schaeffer, 128 Iowa 319; Gregory v. Pierce, 186 Iowa 151; Bennett v. Ryan, 206 Iowa 1263.

On the other hand we have held repeatedly that an order in general terms granting a new trial will be deemed discretionary on the part of the trial court and we will reverse only for abuse of discretion. Whether in a given case the order appealed from is a general one, is sometimes debatable. Where the order granting a new trial ignores specific grounds and neither sustains nor over-rules the specific grounds of the motion, we deem such an order general and discretionary. In this case the trial court specifically overruled several grounds pressed by the plaintiff in his motion for new trial. It purported to sustain the motion on the ground of error in Instruction 12, and upon this *"alone."*

██ It is the contention of the appellee-plaintiff that his motion contained other grounds which were ignored and which were neither sustained nor overruled, and that for that reason the order should be deemed discretionary. With a view of saving his right to the favorable ruling of the trial court, the plaintiff has purported to take a cross appeal from such rulings as denied certain grounds of

plaintiff's motion for a new trial. This brings us into a field that has not heretofore been explored. If the trial court sustains a motion for new trial upon untenable ground, may the appellee on appeal, and by taking a cross appeal, save the ruling by showing that his motion for a new trial presented tenable ground, which was erroneously overruled by the trial court? We have never had occasion to pass upon that particular question. It would seem reasonable to say that some opportunity of that nature ought to be opened up to an appellee. Without now passing upon that direct question, we shall assume the affirmative for the purpose of this particular feature of the case.

The plaintiff's motion for a new trial was as follows:

"On the 1st day of April, 1932, the plaintiff filed a motion praying the court to set aside the verdict and grant a new trial upon the following grounds:

"Because the verdict of the jury is not sustained by sufficient evidence.

"Because the verdict of the jury is contrary to the evidence.

"Because the verdict of the jury is the result of passion and prejudice on the part of the jury.

"Because of misconduct on the part of counsel for the defendant in intentionally and purposely and persistently arousing the passion and prejudice of the jury in his argument to the jury by making the statements as set forth in the affidavits of Ralph H. Munro and Paul H. McCoid, which affidavits are hereto attached and marked Exhibits 'A' and 'B', respectively, to which statements plaintiff's counsel immediately excepted, and in making the statements as set forth in the affidavit of Ralph H. Munro, which is attached hereto, and marked Exhibit 'B,' and made a part hereof, to all of which statements the plaintiff's counsel immediately at the time objected and excepted.

"That said misconduct on the part of the defendant's counsel aroused the passion and prejudice of the jury and that a member of the jury was an ex-service man, who had served in the recent war against Germany, as shown in the affidavit of Arthur R. Keller, hereto attached, marked Exhibit C, and made a part hereof.

"Because the verdict of the jury is contrary to law.

"Because the court erred in sustaining the objections of defendant's counsel to questions and offers of evidence propounded and offered by plaintiff's counsel in the course of the trial to which

exceptions were duly preserved in each and every instance as shown by the records and notes of the shorthand reporter in said cause.

"Because the court erred in overruling the objections of plaintiff's counsel to questions propounded and offers of evidence presented by counsel for the defendant and in permitting answers thereto and the introduction of evidence objected to over the plaintiff's objections to which rulings exceptions were duly preserved in each and every instance as shown by the records and notes of the shorthand reporter in said cause.

"Because the court erred in giving the instructions and each of them as pointed out in plaintiff's objections and exceptions to instructions, which said objections and exceptions and each of them are hereby referred to and made a part of this motion the same as if fully set out herein.

"Because the court erred in failing to give such instructions as should have been given, as pointed out in plaintiff's objections and exceptions to instructions, which said objections and exceptions to instructions and each of them are hereby made a part hereof the same as if fully set out herein.

"Because the court erred in withdrawing from the jury certain grounds of negligence as pointed out in plaintiff's objections and exceptions to instructions, which said objections and exceptions to instructions and each of them are hereby referred to and made a part hereof the same as if fully set out herein.

"Because the court erred in entering judgment in favor of the defendant and against the plaintiff."

It will be noted that the grounds of the motion are very general. They present no specification except by reference to plaintiff's exceptions in the record. One of the grounds for a new trial pressed at the time of the submission was "misconduct of counsel for the defendant." In proof of such misconduct the plaintiff presented certain affidavits. These affidavits had no other function than to settle the record and bill of exceptions in the trial court. The court ruled against the plaintiff on this ground and found the fact to be other than as contended in the affidavits. The plaintiff now presents for our consideration this same ground in support of his order for new trial. The contention is that this ground ought to have been sustained and that for such reason the order granting a new trial should be sustained. Sufficient to say that the finding of the court on the question of misconduct was a finding of fact

and became one of the verities of the record. It is not subject to contradiction here.

It was also urged, in favor of the motion, that the court should have instructed the jury to the effect that the decedent was presumed to have been exercising ordinary care on the theory that there were no eyewitnesses to the accident. We think the court properly ruled on this subject. There were eyewitnesses to the accident, and these were called as witnesses by the plaintiff. At the submission of the motion the plaintiff challenged Instruction 13, as being erroneous. The vice of such instruction, as contended by the plaintiff, was that the court purported to state therein certain "undisputed facts" and that the facts so stated were favorable to the defendant and unfavorable to the plaintiff. We do not find such instruction to be subject to such criticism. The only fact stated therein which had a measure of dispute behind it in the record was stated in the instruction in accord with the contention of the plaintiff.

The foregoing presents all the specific alternatives upon which the plaintiff relies in support of the order appealed from as distinguished from the specific ground stated by the court in its ruling. We find none of them to be tenable.

It follows that the order granting a new trial must be Reversed.

FAVILLE, DE GRAFF, ALBERT, KINDIG, and BLISS, JJ., concur.