FRED PIPER, Administrator, Appellee, v. D. E. BRICKLEY, Appellant.

No. 42939.

DECEMBER 17, 1935.

R. L. Parrish, and B. E. Rhinehart, for appellant.

John E. Purcell, Dixon, Devine, Bracken & Dixon, Ed Halbach, J. C. France, and C. J. Cash, for appellee.

PARSONS, J.—The defendant and appellant, D. E. Brickley, was a resident of Jones county, Iowa, and on the 29th of August, 1932, was driving east through Lee county, Ill., on highway No. 30, generally known as the Lincoln Highway. His car was being operated by a servant or agent, named W. H. Merritt. At a point on said highway about three miles west of the city of Dixon, in Lee county, Ill., the car ran into and struck Lawrence F. Piper, a boy of eleven years of age. Piper, at the time he was struck, was walking on the south side of the highway, but off the pavement five feet. The plaintiff is the father of the boy and administrator of his estate. The charge in the petition was that the car was operated at a speed in excess of 45 miles an hour, and in a wanton manner and disregard for the safety of others, and that just prior to the collision resulting in the death of young Piper the automobile was zigzagging from side to side of the highway. The petition contained the allegation that the deceased was acting with due care and caution, and without negligence on his part. An amendment to the petition set up that the deceased was walking south of the pavement or traveled portion of the highway, in an easterly direction; and that at the time of the injury the car of the defendant was operated at an unlawful, careless, and negligent rate of speed, and particularly in violation of the statutes of the state of Illinois, which were set out and pleaded in the amendment to the petition.

The answer admitted the residence of the defendant in Jones county; that the car of defendant was operated by Merritt, and was going in an easterly direction upon the highway in question; and that young Piper was walking upon the highway in an easterly direction on the right and south side of the high-

way, which was a paved highway, and that the deceased was walking upon said highway in the same direction the defendant's automobile was riding, instead of walking on the left side of the highway as provided by a statute of the state of Illinois, section 306b, ch. 121, Smith-Hurd Ann. Statutes of Illinois, reading as follows:

"It is the duty of any person walking along and upon durable hard surfaced State highways to keep on the left of the paved portion, or on the left shoulder thereof, and upon meeting a vehicle when walking on the said paved portion to step off to the ` left.''

The defendant pleads that the injury to the plaintiff's decedent was due wholly to the carelessness and negligence of Piper in not walking upon the left side of the highway and in a place required for pedestrians to walk. The case was tried to a jury, and evidence was introduced, showing the circumstances of the happening of the accident, and the striking of the deceased, and of his death. At the conclusion of the testimony a motion was made to direct a verdict for the defendant. The motion was based upon six grounds. The motion was sustained, and the jury accordingly returned the following verdict:

"We, the jury, find for the defendant.''

In due time motion for new trial was filed by the plaintiff setting up two numbered reasons therefor, No. 1 having three subdivisions, a, b, and c; No. 2 having four subdivisions, a to d, both inclusive. The court sustained the motion for new trial, and the defendant appealed from this ruling to this court. This was a general appeal, the notice simply stating that the defendant duly appealed from the ruling of the court setting aside the judgment and granting to plaintiff a new trial. So the question that arises in this court is: Did the district court commit an error in granting the motion for new trial?

This court held in Kessel v. Hunt, 215 Iowa 117, 244 N. W. 714, 716, a trial court order for a new trial upon a *definite question of law* is reversible, if erroneous, as every other erroneous ruling at law, if prejudicial, is reversible, while a trial court order in *general terms* for a new trial will be deemed discretionary and reversible only when the trial court has abused its discretion. And in discussing this, the court says: "The rule, how-

ever, has been long established that where a new trial is granted by the trial court strictly upon a definite question of law, it becomes our duty to review the order as we would any other alleged error, and to reverse the ruling if erroneous.'' Citing Shaw v. Sweeney (1850), 2 G. Greene (Iowa) 587; Stewart v. Ewbank, 3 Iowa (Clarke) 191; Cook, Sargent & Cook v. Sypher, 3 Iowa (Clarke) 484; Riley v. Monohan, 26 Iowa 507; Stockwell v. Chicago, C. & D. R. Co., 43 Iowa 470; Turley v. Griffin, 106 Iowa 161, 76 N. W. 660; Busse v. Schaeffer, 128 Iowa 319, 103 N. W. 947; Gregory v. Pierce, 186 Iowa 151, 172 N. W. 288.

In the Kessel case the court had given an instruction to the jury which this court held was correct as applied to the record, and the lower court based its decision on the ground that there was an error in giving this instruction, and the appellant having shown error on the part of the court in granting a new trial on this particular ground, the question arises whether the appellee may save the ruling upon a showing here that the court erred in failing to sustain the motion for new trial upon other grounds than that adopted by it, the court saying further: ''Ordinarily we hesitate to interfere with the trial court's discretion in the granting of a new trial'', but points out its duty to review in such a case as hereinbefore stated.

The district court has a judicial discretion in passing on a motion for a new trial, and its ruling will not be interfered with only for abuse. Jelsma v. English, 210 Iowa 1065, 231 N. W. 304, citing: Utseth v. Pratt-Mallory Co., 208 Iowa 1324, 227 N. W. 115; Turner v. O'Dea Motor Co., 204 Iowa 421, 213 N. W. 765; Young v. Electric Service Co., 192 Iowa 655, 185 N. W. 54; Larson v. Ainsworth, 184 Iowa 1187, 169 N. W. 462; Post v. City of Dubuque, 158 Iowa 224, 139 N. W. 471; Porter v. Madrid State Bank, 155 Iowa 617, 136 N. W. 666; Case Threshing Machine Co. v. Fisher & Aney, 144 Iowa 45, 122 N. W. 575.

This court said in White v. Walker, 212 Iowa 1100, at page 1102, 237 N. W. 499, 500:

''The trial court exercises a wide discretion in granting a new trial, and this court is very reluctant to overrule its action in granting new trial,'' citing many cases to support the rule.

In this case the defendant introduced in evidence a statute of the state of Illinois hereinbefore set forth, and attention is called to that statute by a citation in appellant's brief, in Novina

v. Padley, 258 Ill. App. 519. This statute was properly introduced, of course, because the accident happened in the state of Illinois, and the case would therefore be governed by the Illinois statutes as to the liability of the defendant. The evidence here shows, we think, that the deceased was not walking upon the paved portion of the highway. True, he was walking in the direction with the traffic on that side of the road, but he was walking off the pavement, and not close enough thereto to be struck by a passing automobile. Speaking of the person on foot, the statute says: "To keep on the left of the paved portion, or on the left shoulder thereof." He may keep on either the pavement or the shoulder. If on the shoulder, not close enough to be struck by a passing automobile. And the statute says further, to step off to the left. What is that for? To avoid contact with the on-coming traffic. When he is on the shoulder the statute does not say he has to step off, for it says he *must* step off when on the paved portion. Here the deceased was on the wrong side of the street, but not on the paved portion, nor close enough to be endangered by automobiles traveling on the pavement.

The case cited from the Illinois Appellate Court does not discuss this question. It there discusses a case where the deceased had one artificial leg and was walking while it was dark along the middle of a highway, which had a shoulder and a path on each side. It is possible that that court might have construed the statute to be that a party walking on the highway, even in the way traffic was going, had the right to walk on a footpath at the side.

As to the Kessel v. Hunt case, 215 Iowa 117, 244 N. W. 714, the record on which that was tried in this court shows that the order of the district court was based entirely on error in instruction 12, which the Supreme Court held to be correct. The district court, in making the order, said: "This exception to the instruction (12) is therefore sustained and it is therefore ordered.that the verdict of the jury be set aside and a new trial on the case awarded based on the error in this instruction alone."

So on the whole record as presented here, the motion for a new trial containing several grounds, as it did, the court having sustained the motion generally, we think we have no right to interfere with the court's discretion. Therefore, the judgment of the district court in this case is affirmed.

Chief Justice and all Justices concur.