**OHIO CUSTOM GARMENT CO. v. LIND et al.**

No. 956.

District Court, S. D. Ohio, W. D.

Feb. 4, 1936.

Peck, Shaffer & Williams and Ragland, Dixon & Murphy, all of Cincinnati, Ohio, and Sidney G. Kusworm, of Dayton, Ohio, for complainant.

Robert B. Watts, of New York City, and Charles Fahy, of Washington, D. C., for respondents.

Sanford A. Headley, Charles P. Taft, 2d, and David B. Schreiber, all of Cincinnati, Ohio, amici curiæ.

NEVIN, District Judge.

On November 20, 1935, complainant herein filed its bill of complaint wherein, based upon the allegations contained in the bill, it prays this court to issue a temporary restraining order and preliminary injunction pending the final determination of this cause, restraining and enjoining the respondents, and each of them, from proceeding with a hearing, notice of which was served on the complainant, or from holding any other hearing involving the complainant, under favor of the National Labor Relations Act (29 U.S.C.A. §§ 151–166), and from making any findings or orders of any kind whatsoever against the complainant. Complainant further prays that the National Labor Relations Act be declared unconstitutional, and that the respondents and each of them be permanently enjoined from taking any action whatsoever against the complainant under any term or provision of the act.

Complainant alleges that it is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business and factory located in the city of Cincinnati, Ohio, where it is now and for the past 25 years has been engaged in the business of manufacturing and selling men's clothing, and that it has built up an extensive and remunerative business in which it has made large investments of capital. Complainant further alleges that it employs approximately 250 employees; that its operations are carried on exclusively within the state of Ohio; that it has no works, factories, or shops outside of the state of Ohio; that all of its employees involved in this controversy are engaged exclusively in intrastate commerce, and not in any activities of interstate commerce; that complainant is engaged in the manufacture of clothing in the ordinary way and that its manufacture is not an operation in interstate commerce, or in the flow of interstate commerce; that under the act of Congress of the United States, effective July 5, 1935, known as the National Labor Relations Act (title 29, U.S.C.A. §§ 151–166, chapter 372, §§ 1–16, 49 Stat. 449) and under section 3 of said act (29 U.S.C.A. § 153), there is created a board known as the "National Labor Relations Board"; that the respondent Lind is the acting regional director of said board for the Ninth District, and that the other respondents are members of said board; that on November 16, 1935, the National Labor Relations Board, acting through the respondent Lind, prepared and served upon the complainant a complaint, charging complainant with certain alleged violations of the National Labor Relations Act (copy of the complaint is attached to the bill, marked "Exhibit A"); that the complaint is issued upon the charge of the Cincinnati Joint Board of the Amalgamated Clothing Workers of America, charging in substance that a majority of complainant's employees had joined said un-

ion; that the union was by the act of joining designated as the agent for collective bargaining, not only on behalf of and for the majority, but also on behalf of the minority of complainant's employees; that complainant (herein) had, by entering into contracts of employment with 119 out of 139 employees, been guilty of unfair labor practice according to section 8, of the National Labor Relations Act (29 U.S.C.A. § 158); that its refusal to bargain with the union as the exclusive agent of its members, and also of the employees who were nonmembers thereof, and in contracting individually with its own employees, amounted to restraint, coercion, and interference and unfair practices as against said labor organization; "that the respondent threatens and proposes to prosecute the said complainant, and upon a finding of the truth of said charge that complainant has contracted individually with its own employees, to order the complainant to cease and desist from so doing, and to desist from bargaining and contracting with any employee or anybody except the said Amalgamated Clothing Workers of America as to employment, wages, hours, terms and conditions of labor; that the effect of said order will be to cause the disruption and breach of the legal contractual relations between the complainant and its employees; that the complainant has made individual contracts of employment with a great majority of its said employees; that the said Amalgamated Clothing Workers of America claim and assert the right to induce complainant's employees to violate and breach said contract; that the purpose of said complaint and its effect, if such order to cease and desist is made, as it necessarily will be made upon the charges and facts, will be to cause the breach and violation of said contracts of employment to the irreparable damage of the complainant; that the effect of any such order will prevent the complainant from contracting with other employees who desire so to contract in a similar manner; that such an order will intimidate and coerce the employees of the complainant not to contract or deal with it as they otherwise would do, all to its irreparable damage and injury, and for which it has and can have no adequate remedy at law; that in so doing the respondents are attempting illegally and unlawfully to act without jurisdiction of said matters, and will, unless restrained,

cause subpœnas to be issued requiring the complainant, its employees or others to appear, testify and produce private documents, books and records subject to the pains and penalties of contempt upon refusal so to do, compel the disclosure of its private business affairs and secrets, all to its irreparable injury for which it has no remedy at law."

Complainant further alleges that the National Labor Relations Board, through respondent Lind, issued a notice of a hearing and served the same on complainant, notifying complainant that on the 29th day of November, 1935, a hearing would be conducted before the respondent, National Labor Relations Board, by a trial examiner in accordance with its rules and regulations. Complainant alleges that it seeks relief by way of injunction because "by said hearing and by the action taken by said respondent under the said Act the complainant and its business will suffer great and irreparable damage; that the complainant is without adequate remedy at law." Complainant alleges that the National Labor Relations Act is unconstitutional in that it violates the Fifth Amendment and the Tenth Amendment to the Constitution of the United States; that it is unconstitutional because it attempts to regulate matters which have no direct connection with commerce within the meaning of the Commerce clause of the Constitution (article 1, § 8); and that it is unconstitutional for other reasons which are set forth in detail in the bill of complaint.

On November 20, 1935, complainant filed a motion for a preliminary injunction, and on November 23, 1935, respondents filed a motion to dismiss the bill of complaint.

Among others, the motion to dismiss is based on the following grounds:

"1. There are no allegations in the complaint sufficient to show that complainant is threatened with or in danger of suffering any great or irreparable or immediate injury cognizable in equity by reason of any matters set forth in the complaint."

"6. Said complaint fails to show that said defendants have or have claimed or have immediately threatened to exercise any power or authority to sign and issue any subpœnas requiring and compelling the attendance and testimony of witnesses and the production of any books, papers,

records or other documents, or to apply to the appropriate district court of the United States for an order enforcing compliance with said subpœna, pursuant to section 11 (2) of the Act, 29 U.S.C.A. § 161 (2), or to make and issue any final or other order of the National Labor Relations Board under section 10 of the said Act (29 U.S.C.A. § 160), requiring complainant to cease and desist from any unfair labor practice defined in section 8 thereof (29 U.S.C.A. § 158), or to take any affirmative action, including reinstatement of employees with or without back pay, to effectuate the policies of said Act; and said Act shows that subpœnas may be issued only by a member of said Board, that orders to cease and desist and to take appropriate affirmative action may be issued only by said Board, and that said subpœnas and final orders are binding and enforceable only when affirmed and enforced by court order in appropriate proceedings, respectively, in the district courts under section 11 (2) of the Act (29 U.S.C.A. § 161 (2), and in the Circuit Courts of Appeals under section 10 of the Act (29 U.S.C.A. § 160), which proceedings may be instituted only by said Board.

"7. Said complaint fails to allege that any subpœnas have been issued to compel the attendance of complainant or its employees or other witnesses or the production of any of complainant's books, papers, records or other documents, or that any proceeding has been begun or is immediately threatened to be begun against complainant in the appropriate district court of the United States pursuant to section 11 (2) of the Act, or that any order directed to complainant to cease and desist from any unfair labor practice defined in section 8 of said Act or to take any affirmative action to effectuate the policies of said Act, has been issued or is immediately threatened."

At a later date, the cause came on to be heard upon both motions; that is, the motion of complainant for a preliminary injunction and the motion of respondents to dismiss the bill. At that time, after the introduction of evidence, both by way of oral testimony and documentary proofs, the motions were argued orally and, counsel consenting, an order was entered to the effect that during the pendency of the case in this court no hearing would be held by the National Labor Relations Board.

Complainant challenges the validity of the National Labor Relations Act. It is, however, submitted by respondents that before the court can or should pass upon the question of the constitutionality of the act, it is incumbent upon complainant first to show the presence of some immediate and irreparable injury as a ground for equitable jurisdiction; that equity jurisdiction may not be invoked purely because of contemplated action upon the part of an administrative body. They assert that the question of the constitutionality of the act is not in a true sense before the court, because standing alone and without the showing that the particular complainant is injured, even though the act be unconstitutional, such fact is not sufficient to secure from the court a ruling upon the constitutionality of the act involved.

The pertinent allegations of complainant's bill have been hereinbefore set out. Complainant alleges, as above indicated, that upon the truth of certain charges being established, the board proposes to order the complainant "to cease and desist" from doing certain things, and that refusal upon its part to obey the orders of the board would result in possible penalties for violation. Complainant submits that it has been held many times that before violation, complainant has the right to restrain the enforcement of an act in order to prevent being coerced into submission or compelled to incur the penalty of violation; that if the act is void complainant ought not to be denied the remedy of injunction and asked to invoke the remedy provided by a void and illegal statute. Complainant asserts that the National Labor Relations Act being unconstitutional, is void in its entirety and in law never was enacted, and that therefore no remedy whatever is afforded to the complainant. To support their view in these respects, counsel for complainant cite: Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255; Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283; Federal Trade Commission v. Millers' Nat. Federation, 37 App.D.C. 360, 23 F.(2d) 968; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.(N.S.) 932, 14 Ann.Cas. 764; Oklahoma Operating Co. v. Love, 252 U.S. 331, 40 S.Ct. 338, 64

L.Ed. 596; Wadley Southern Ry. Co. v. Georgia, 235 U.S. 651, 35 S.Ct. 214, 59 L.Ed. 405; Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178.

A study of the foregoing cases discloses, however, that they are not determinative of the question now under consideration here, in view, in the instant case, of the pleadings, the facts as disclosed by the evidence, and the act in question itself. For example, the act provides no cumulative criminal penalties. The only criminal provision contained in the act is found in section 12 (29 U.S.C.A. § 162), to which no reference is made in any of the allegations of the bill of complaint. For aught that appears, therefore, no injury is anticipated from this source. This case, therefore, is not to be confused with those cases where it has been held that injunction will lie against the enforcement of a statute which provides such heavy, severe, or cumulative penalties as to effectively bar a test of its constitutionality by violating its provisions. See Ex parte Young, supra.

As noted, complainant bases its conclusion that it will suffer immediate and irreparable damage upon its allegations that it has made individual contracts of employment with many of its employees and that if an order to cease and desist is made against it, its effect will be to cause "the breach and violation of said contracts of employment"; to prevent the complainant from contracting with others of its employees in similar manner; and to "intimidate and coerce" employees of complainant not to contract with it. Further, that an element of irreparable damage is that the respondents will "cause subpœnas to issue requiring the complainant to appear, testify and produce private documents, books, and records subject to the pains and penalties of contempt upon refusal to do so."

■ As to the danger of punishment for contempt for refusal to obey a board subpœna, the act specifically provides that only a court of the United States, in an independent proceeding, can enforce such subpœna. The bill does not allege that any subpœna has ever been issued against complainant. That none has been issued was shown by the testimony of complainant's own witness. No cease and desist order has been made. The allegation is that "if" such an order is made the effect will be to cause certain things

to happen, none of which, however, are absolutely bound of necessity to flow from a cease and desist order. That such effect would follow such an order is a mere conclusion of the pleader. Such allegations are not admitted by the motion to dismiss.

■ The court is of the opinion that these allegations do not state a cause of action warranting injunctive relief. They are all predicated upon conjecture as to what may at some time be done by the board by way of entering an order, and a further conjecture as to what effect that future order may have upon the complainant or its employees. There are many findings of fact upon which evidence would have to be taken before an order could be issued finding this complainant guilty of a violation of the act. These issues are tried before a trial examiner; he determines them in the first instance and writes a recommendation to the board. The board must then reach its own conclusions. In the meantime, the business of complainant is not stopped. It may proceed throughout to conduct its business just as it has always done. Under such circumstances the court will not, and in the opinion of this court should not, pass upon the question of the constitutionality of the act.

In the case of Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, at page 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078, the court say: "We have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act. * * * The party who invokes the power must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement."

In the case of Sparks v. Hart Coal Corporation, 74 F.(2d) 697, at page 699, the Circuit Court of Appeals of this (Sixth) Circuit, say: "It has long been settled that courts have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, pre-

senting a justiciable issue, is made to rest upon such act. The circumstances which alone bring the validity of a state or federal statute within the reach of the judicial power were recently considered by us in City of Allegan v. Consumers' Power Co., 71 F.(2d) 477, 481, certiorari denied [293 U.S. 586], 55 S.Ct. 100, 79 L.Ed. 681, and the authoritative precedents are there sufficiently cited."

Much as it may seem desirable to the complainant in this or in any other given case to have the question of the constitutionality of the particular act involved determined, whether properly before the court or not, it is the opinion of the court that it will prove better in the long run to follow the orderly procedure as heretofore well established by a long line of decisions by the Supreme Court, as well as the lower federal courts.

The court agrees with the conclusion reached by counsel for respondents that at this time there is no constitutional question properly before the court for decision, and that the bill of complaint should be dismissed for want of equity.

An order may be drawn sustaining the motion to dismiss the bill upon the first ground thereof.