**WOODMEN OF THE WORLD LIFE INS. ASS'N · v. FEDERAL COMMUNICATIONS COMMISSION (W K Z O, Inc., Intervener).**

**No. 6994.**

United States Court of Appeals for the District of Columbia.

Decided June 15, 1938.

Paul M. Segal, George S. Smith, and Harry P. Warner, all of Washington, D. C., for appellant.

Hampson Gary, George B. Porter, William H. Bauer, Fanney Neyman, and Andrew G. Haley, all of Washington, D. C., for appellee.

Horace L. Lohnes, H. L. McCormick, and Fred W. Albertson, all of Washington, D. C., for intervener.

Before GRONER, Chief Justice, and STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

Appellant is licensee of Station WOW operating at Omaha, Nebraska. It appealed under Section 402(b) of the Com-

munications Act[1] from the decision of the Federal Communications Commission granting the application of WKZO, Inc., licensee of Station WKZO, located at Kalamazoo, Michigan, for a construction permit to move its transmitter to a new site to be determined thereafter; install directional antenna; and to operate on 590 kilocycles, with 250 watts power and 1 kilowatt L. S., unlimited time. Appellant claimed to be aggrieved and adversely affected by the decision because the grant to WKZO did not protect WOW sufficiently from interference; because the Commission acted capriciously and arbitrarily in granting the application; and because it denied appellant a fair hearing by refusing to consider a pending application which had been filed theretofore by appellant. Appellant was made a respondent in the proceedings before the Commission on the WKZO application; appeared and participated actively therein.

The Commission's decision was entered on April 27, 1937, effective June 8, 1937. On June 21, 1937, and within the twenty-day period provided by Section 405 of the Communications Act (48 Stat. 1095, 47 U.S.C.A. § 405, Supp.1937), appellant filed a motion for rehearing. On June 28, 1937, without awaiting action on its motion, appellant appealed to this court, as provided by Section 402(c) of the Act.[2] WKZO, Inc., intervened in this appeal.

It is apparent from the record, and from the facts as set forth above, that this court is without jurisdiction; for the same reasons stated in Southland Industries, Inc. v. Federal Communications Comm., App.D.C., 99 F.2d 117. In the present case, the motion for rehearing has never been acted upon by the Commission, although nearly a year has elapsed since it was filed.

█ In its Memorandum on the Question of Jurisdiction appellant recognizes "the rule of decision that an appellate court cannot entertain a case while a motion for a new trial or petition for rehearing is pending before a lower tribunal", and that "Policy tends to support the rule that an appeal cannot be entertained while a petition for rehearing is pending." However, dismissal of the appeal is resisted by the intervener, on several grounds, in addition to those considered and rejected in the Southland Industries Case. The intervener urges that:

"As a practical matter, the Commission, the appellant and the intervener have all treated the petition for rehearing as though it had been abandoned; and the petition for rehearing was actually retired to the closed file as soon as this appeal was noted; and neither the Commission, the appellant, nor the intervener have from that moment considered the petition to be still pending before the Commission.

"It is apparent from the foregoing recital that this court and all of the parties to this case have uniformly acted as though the appeal were actually, validly pending before this court, and as though the petition for rehearing had been abandoned."

Jurisdiction cannot be given to a court by consent, acquiescence or inadvertence. It can acquire jurisdiction only by authority of law.[3] It is immaterial, therefore, what the situation may be "as a practical matter."

█ The only theory upon which abandonment of the motion for rehearing by the appellant could be urged in support of this court's jurisdiction, would be that as a result of such abandonment the motion ceased to be "pending" before the Commission, before the appeal was taken. But there is nothing to show an abandonment. There is no statutory provision or rule of the Commission which provides for abandonment of a motion for rehearing. No

[1] Act of June 19, 1934, c. 652, 48 Stat. 1064, 1093, 47 U.S.C.A. § 402(b) (Supp. 1937).

[2] Section 402(c) provides: "Such appeal shall be taken by filing with said court within twenty days after the decision complained of is effective, notice in writing of said appeal and a statement of the reasons therefor, * *." 47 U.S.C.A. § 402(c).

[3] Mansfield, Coldwater & Lake Michigan R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; Minnesota v. Northern Securities Co., 194 U.S. 48, 62, 24 S.Ct. 598, 48 L.Ed. 870; Chicago, Burlington & Quincy R. Co. v. Willard, 220 U.S. 413, 420–421, 31 S.Ct. 460, 55 L.Ed. 521; Oneida Navigation Corp. v. W. & S. Job & Co., 252 U.S. 521, 522, 40 S.Ct. 357, 358, 64 L.Ed. 697; Republic Supply Co. v. Richfield Oil Co., 9 Cir., 74 F.2d 907, 908, certiorari denied Cities Service Co. v. Armsby, 296 U.S. 583, 56 S.Ct. 94, 80 L.Ed. 412; American Brake Shoe & Foundry Co. v. New York Rys. Co., 2 Cir., 282 F. 523, 527; Cleveland Cliffs Iron Co. v. Village of Kinney, 8 Cir., 266 F. 888.

motion or request was made for that purpose. Appellant does not assert or suggest that it abandoned its motion; nor do we think it had any such intention. On the contrary it insists in its Memorandum on the Question of Jurisdiction that the Commission has never acted on the motion and that "for all purposes it is still pending before the Commission." The actual situation was as follows: (1) The Commission had taken the position that the right to move for a rehearing and the right to appeal to this court were alternative remedies, between which the injured person must make an election and, having done so, he was limited to the one elected; (2) appellant filed its motion within the time allowed by the statute, but the Commission, although required to consider the same, failed to do so; (3) on the twentieth day after the effective date of the Commission's order, appellant was faced with the dilemma that if it waited longer it might lose both its right to appeal, and a rehearing as well; (4) whereupon it filed an appeal, apparently in a desperate effort to save one or both of its remedies. Under such circumstances it would be absurd to impute to appellant an intention to abandon the valuable right given to it by the statute, and unwise to deprive the Commission of the opportunity provided by the law to re-examine its official action and to correct any discovered errors.

■ Intervener also urges for our consideration the fact that it has spent large sums of money in perfecting its appearance on this appeal. While that hardship is unfortunate, it cannot give jurisdiction to an appellate court. Mansfield, Coldwater & Lake Michigan R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462.

■ Intervener suggests, further, that the appeal should be dismissed on the ground that the appellant has no appealable interest. That is a question which cannot properly be decided until appellant has had an opportunity to exhaust its administrative remedies before the Commission and to perfect a record upon which such questions as appealable interest may be intelligently determined.

The appeal will be dismissed, therefore, and the Commission instructed to proceed in accordance with this decision.

Appeal dismissed.