**BLACK RIVER VALLEY BROADCASTS, Inc., v. McNINCH et al.**

No. 7170.

United States Court of Appeals for the District of Columbia.

Argued Oct. 13, 1938.

Decided Nov. 21, 1938.

Rehearing Denied Dec. 20, 1938.

236

Eliot C. Lovett, of Washington, D.C., for appellant.

Hampson Gary, William H. Bauer, Fanney Neyman, and Andrew G. Haley, all of Washington, D. C., for appellees.

Horace L. Lohnes and H. L. McCormick, both of Washington, D. C., for intervener.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an appeal from a decree of the District Court of the United States for the District of Columbia dismissing appellant's amended bill of complaint for an injunction.

The appellant, Black River Valley Broadcasts, Inc., was plaintiff below and will be so designated throughout this opinion. The appellees are members of the Federal Communications Commission, created and organized under the Act of June 19, 1934, Communications Act of 1934. 48 Stat. 1064, 47 U.S.C.A. § 151 et seq. They will be referred to herein as the Commission.

It appears from the record that on October 3, 1935, an application was filed by the Watertown Broadcasting Corporation (hereinafter designated Watertown) for authority to construct a radio station in Watertown, N. Y., and was heard before an examiner in January 1936. Prior to the hearing an identical application was filed by the Brockway Company (hereinafter called Brockway) and that company participated in the hearing upon the application of Watertown. On March 27, 1936, the examiner recommended that the application of Watertown be granted.

On April 8, 1936, plaintiff filed its application for authority to construct a radio station in the same city, which was scheduled with Brockway's for hearing before an examiner on June 23, 1936. About June 10, 1936, Brockway filed a petition to postpone the hearing upon its application to a date subsequent to September 1, 1936. This petition to postpone was granted. On June 23, 1936, the hearing upon the application of plaintiff was held before an examiner. Representatives of both Brockway and Watertown appeared at the hearing and cross-examined the witnesses who testified on behalf of plaintiff. The examiner submitted his report upon the application of plaintiff and recommended that it be granted. Exceptions having been filed to this report of the examiner and the favorable report of March 27th concerning Watertown's application, oral argument on both was heard before the Broadcast Division of the Commission on September 10, 1936. All of the interested parties, including Brockway, participated.

On September 22, 1936, the Commission entered its order, effective October 13, 1936, denying the application of Watertown and granting that of plaintiff. A construction permit was issued by the Commission, authorizing plaintiff to start construction of its station by December 13, 1936. Plaintiff started this construction work shortly after the effective date of the Commission's order, and practically completed the erection of the antenna during the month of November, 1936, at considerable expense.

About November 1, 1936, within the 20 day period provided by the Act, Watertown filed a petition for rehearing of its application and also that of plaintiff. On November 14, 1936, plaintiff filed an opposition to this petition for rehearing. About November 9, 1936, Brockway filed its petition to intervene. By that time Brockway was involved in two applications

—one for the voluntary assignment of the license of WCAD from St. Lawrence University, and the other for a permit to move that station to Watertown, N. Y.

On December 2, 1936, at a general session of the Commission, the petition of Watertown for rehearing was granted and a de novo hearing was ordered on the applications of Watertown and plaintiff together with the applications of Brockway.

On January 27, 1937, Watertown filed an amendment to its application, requesting the identical facilities sought by plaintiff and covered by the permit issued to the latter company, and on March 10, 1937, the amended application of Watertown was designated for hearing. The Commission fixed May 19, 1937, as the date of hearing upon these several interrelated applications. Thereupon on March 23, 1937, plaintiff filed a petition for reconsideration of the Commission's action of December 2, 1936, which was denied by the Commission on April 14, 1937.

On May 8, 1937, plaintiff filed a bill of complaint for an injunction in the District Court of the United States for the District of Columbia, alleging that the Commission's order of September 22, 1936 granted a valid construction permit; that there was no additional order of the Commission entered which tended to postpone or extend the effective date of the order granting the construction permit; and, that the Commission, fifty days after the effective date of the grant, on its own motion, ordered a hearing de novo on the application of Watertown and plaintiff, to be heard together with the applications of Brockway. Plaintiff prayed that the Commission be enjoined from holding a hearing concerning the application of plaintiff for a construction permit and that the court declare that the construction permit issued to plaintiff is a valid authorization and was unaffected by the Commission's order of December 2, 1936, purporting to set it aside.

The Commission filed an answer to this bill in which it alleged that on or about October 30, 1936, pursuant to sec. 405 of the Communications Act of 1934, 47 U.S. C.A. § 405, and paragraph 106.31 of the Rules of the Commission, Watertown filed its petition for rehearing in the matter of the applications of plaintiff and Watertown; and that on December 2, 1936, the Commission granted the petition for rehearing of Watertown and set aside the order of the Broadcast Division of Sep-

tember 22, 1936, denying the application of Watertown and granting the application of the plaintiff, and directed that these applications be heard de novo before an examiner, together with the Brockway applications. It was further stated in the answer that the bill shows on its face that the Commission has not made any final decision with regard to plaintiff's application and that the bill seeks to have the court interfere with the lawful exercise of discretion of the Commission, a licensing and administrative body, which discretion has been exercised by it pursuant to authority conferred by law; that the bill of complaint shows on its face that plaintiff has not been and will not be irreparably injured; that plaintiff has a plain, speedy and adequate remedy at law under sec. 402(b) of the Communications Act of 1934, 47 U.S.C.A. § 402(b) which provides for appeal to this court from any final decision of the Commission. The Commission then prayed that the court separately hear and dispose of the defenses in point of law to the bill therein presented in advance of hearing upon the merits and that the bill of complaint be dismissed.

The District Court dismissed the plaintiff's bill of complaint after hearing the matters of law raised in the answer. Whereupon the present appeal was taken.

We think that plaintiff's bill was properly dismissed as it does not set up a cause of action cognizable in equity. The Commission is an administrative agency set up by Congress to determine under statutory direction the rights of the people of the United States to have the best possible radio service. The interest, convenience, and necessity of the public is an essential test for the privilege of operating a radio station. This determination is, by the Act of 1934, lodged in the Commission. It is the only proper agency to decide these public questions, and its findings, under the law, must be maintained if they are not arbitrary or capricious, or erroneous in law, and are based upon substantial evidence. Federal Radio Commission v. Nelson Brothers Bond & Mortgage Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166.

In the Act, Congress has made this court the sole appellate body (with right to petition for certiorari to the Supreme Court) whereby the action of the Commission can be tested and has provided that any party aggrieved may have its

rights reviewed here.[1] It is well settled that the exclusive remedy provided by the statute to test the Commission's action is vested in this court by appeal, from which it follows that other courts do not grant equitable relief in such cases. In Sykes v. Jenny Wren Co., 64 App.D.C. 379, 382, 78 F.2d 729, 732, 104 A.L.R. 864, certiorari denied 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443, we held "that the remedy by appeal provided by section 402(b) of the Communications Act of 1934, supra, was the exclusive remedy provided by statute for the review of plaintiff's complaint. We think accordingly that the lower court was without jurisdiction over the cause of action asserted by plaintiff in the case brought by it for an injunction." Later, we reiterated this conclusion in Monocacy Broadcasting Co. v. Prall, 67 App.D.C. 176, 90 F.2d 421. Other jurisdictions have reached the same conclusion. The court in American Bond & Mortgage Co. v. United States, 7 Cir., 52 F.2d 318, 320, stated: "We are likewise satisfied that appellants are not in a position to attack an order of the Radio Commission which was within its power to make, without first exhausting the remedies given them by the Radio Act, to wit, by appealing to the Court of Appeals of the District of Columbia." White v. Johnson, 282 U.S. 367, 51 S.Ct. 115, 75 L.Ed. 388; White v. Federal Radio Commission, D.C., 29 F.2d 113.

■ It has long been the established rule that proceedings in equity for an injunction cannot be maintained where the complaining party has a plain, adequate, and complete remedy at law for the right sued upon. Congress recognized this ancient rule when it passed sec. 267 of the Judicial Code, which is: "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."[2] 28 U.S.C.A. § 384, 36 Stat. 1163. We think the statutory provision for appeal to this court, made the exclusive remedy for an aggrieved party before the Commission, is but a recognition and intended adoption by Congress of this well-known rule. The establishing of the administrative tribunal together with the exclusive remedy of appeal from that tribunal's decisions to this court provide a plain, adequate and complete remedy at law. Sykes v. Jenny Wren Co., supra; Monocacy Broadcasting Co. v. Prall, supra. In general, where there is an administrative remedy provided by statute, it has been declared to be a plain, adequate and complete remedy, barring injunctive relief.[3]

In Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638, it is said: "So to hold would, as the government insists, in effect substitute the District Court for the Board as the tribunal to hear and determine what Congress declared the Board exclusively should hear and determine in the first instance. The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. That rule has been repeatedly acted on in cases where, as here, the contention is made that the administrative body lacked power over the subject matter.

"Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Law-

---

[1] Sec. 402(b), Communications Act of 1934, 47 U.S.C.A. § 402(b):

"(b) An appeal may be taken, in the manner hereinafter provided, from decisions of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

"(1) By any applicant for a construction permit for a radio station, or for a radio station license, or for renewal of an existing radio station license, or for modification of an existing radio station license, whose application is refused by the Commission.

"(2) By any other person aggrieved or whose interests are adversely affected by any decision of the Commission granting or refusing any such application."

[2] Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447.

[3] Gorham Manufacturing Co. v. State Tax Commission of New York, 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279 (State Tax Commission); First Nat. Bank v. Board of Com'rs of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784 (State Tax Commission); American Sumatra T. Corp. v. Securities and Exchange Commission, 68 App.D.C. 77, 93 F.2d 236 (Securities Exchange Act, 15 U.S.C.A. § 78a et seq.); E. I. Dupont De Nemours & Co. v. Boland, 2 Cir., 85 F.2d

suits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."

The Supreme Court in Northern Pacific Ry. Co. v. Sohm, 247 U.S. 477, 484, 38 S.Ct. 550, 553, 62 L.Ed. 1221, said: "The courts may not be resorted to until the administrative question has been determined by the Commission." And in United States v. Sing Tuck, 194 U.S. 161, 170, 24 S.Ct. 621, 624, 48 L.Ed. 917, stated: "We are of opinion that the attempt to disregard and override the provisions of the statutes and the rules of the Department, and to swamp the courts by a resort to them in the first instance must fail."

■ We proceed now to square the facts in the present case with the principles of substantive law, and the reasons underlying the rule. Plaintiff was granted a construction permit by an order of the Commission effective October 13, 1936. Under sec. 405 of the Act, 47 U.S.C.A. § 405, Watertown filed its petition for a rehearing on November 1, 1936, within proper time.[4] This was "a matter of right, as distinguished from a matter of grace," and required action and determination. Southland Industries, Inc. v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117, 121. Thereafter, on November 9, 1936, Brockway intervened. On November 14, 1936, plaintiff filed its opposition to the petition for rehearing and on December 2, 1936 the Commission entered an order granting the rehearing in the following language: " * * * upon consideration of the petition of Watertown Broadcasting Corporation for rehearing and the petition of Brockway Company to intervene, the Commission set aside the orders of the Broadcast Division of September 22, 1936, effective October 13, 1936, denying the application of the Watertown Broadcasting Corporation and granting the application of the Black River Valley Broadcasts, Inc., and directed that these applications be heard de novo before an Examiner," together with the applications of Watertown and Brockway. On March 22, 1937, plaintiff asked for a reconsideration of the Commission's order granting the petition for rehearing. The Commission denied this request and thereupon plaintiff filed its bill in equity seeking a decree declaring that the construction permit issued to it is a valid authorization and enjoining the Commission from proceeding in the premises by conducting the rehearing. Thus we see plaintiff, an applicant for a permit, seeking to invoke injunctive relief at a point in the administrative proceedings where the rights of none of the parties had been determined by the agency directed by law to make such determination.

■ Section 405 of the Act provides that any party or any person aggrieved or whose interests are adversely affected thereby may ask for a rehearing of any order relating to radio made by the Commission. There can be no doubt that Watertown was exercising a procedu-

---

12 (National Labor Relations Act, 29 U.S.C.A. § 151 et seq.).

4 Section 405 of the Communications Act of 1934, 47 U.S.C.A. § 405, follows: "After a decision, order, or requirement has been made by the Commission in any proceeding, any party thereto may at any time make application for rehearing of the same, or any matter determined therein, and it shall be lawful for the Commission in its discretion to grant such a rehearing if sufficient reason therefor be made to appear: Provided, however, That in the case of a decision, order, or requirement made under title III of this chapter [pertaining to radio] the time within which application for rehearing may be made shall be limited to twenty days after the effective date thereof, and such application may be made by any party or any person aggrieved or whose interests are adversely affected thereby. Applications for rehearing shall be governed by such general rules as the Commission may establish. No such application shall excuse any person from complying with or obeying any decision, order, or requirement of the Commission, or operate in any manner to stay or postpone the enforcement thereof, without the special order of the Commission. In case a rehearing is granted, the proceedings thereupon shall conform as nearly as may be to the proceedings in an original hearing, except as the Commission may otherwise direct; and if, in its judgment, after such rehearing and the consideration of all facts, including those arising since the former hearing, it shall appear that the original decision, order, or requirement is in any respect unjust or unwarranted, the Commission may reverse, change, or modify the same accordingly. Any decision, order, or requirement made after such rehearing, reversing, changing, or modifying the original determination, shall be subject to the same provisions as an original order."

ral right specifically provided for by Congress. The filing of the petition for rehearing, of course, stayed the proceedings and reopened the case. If this were a motion for a rehearing presented in season in which a judgment or decree had been entered, such judgment or decree would not become final until the petition for rehearing was acted upon. Aspen Mining & Smelting Co. v. Billings, 150 U.S. 31, 36, 14 S.Ct. 4, 37 L.Ed. 986. This is also true in administrative proceedings.[5] U.S. ex rel. Dascomb v. Board of Tax Appeals, 56 App.D.C. 392, 394, 16 F.2d 337, 339. We have applied this well-established rule to an order of the Commission when we said: "We hold that the filing of a petition for rehearing suspends the running of the appeal period, and that an applicant has 20 days from the date of final action on the petition for rehearing within which to file his notice and reasons for appeal." Saginaw Broadcasting Co. v. Federal Communications Commission, Southland Industries, Inc., v. Federal Communications Commission, supra note 5.

Consequently at the time plaintiff filed its bill in equity, a petition for rehearing of the order granting the construction permit to plaintiff had been filed. This stayed the proceedings and reopened the case; therefore, no rights accrued to the plaintiff as a result of the order originally granting that permit. Plaintiff contends that no order has been entered upon the petition for rehearing. The Commission maintains that it has granted the petition for rehearing in the foregoing quoted language. We uphold the position of the Commission in this regard.

■ This contention of no order being entered by the Commission is based upon an allegation that plaintiff was informed by a press release and telegram that the Commission on its own motion had ordered a de novo proceeding after plaintiff's construction permit had become final. Plaintiff does not maintain its contention as the official minute entry of the Commission shows that in ordering a de novo

proceeding, it acted upon the petition for rehearing filed by Watertown. Rule 100.4 of the Commission expressly provides that a minute book shall be kept by, and in the office of, the Secretary of the Commission, and that this minute book shall be the official record of action of the Commission. We think that the Commission was empowered to order a hearing de novo. Sec. 405 of the Act provides "in case a rehearing is granted, the proceedings thereupon shall conform as nearly as may be to the proceedings in an original hearing, except as the Commission may otherwise direct." The terms of the statute are broad enough to let in, at the direction of the Commission, parties who may make application in the interim between the first proceeding and the new proceeding, and, therefore, there is no question but that Brockway can now be brought in, particularly as it petitioned to intervene in the rehearing. Future action by the Commission will now be necessary to fix the rights of plaintiff and other proper parties to the proceeding. But, assuming that the plaintiff is correct in its position that no action on the petition for rehearing has been taken, we are faced with the fact that the petition for rehearing still pends before the Commission, and therefore, in any event, the Commission has not concluded its administrative action. It is necessary for administrative action to be terminated by an order of the Commission before it is concluded. Southland Industries, Inc., v. Federal Communications Commission, supra note 5.

■ Here we have a case in which the action of an administrative agency is under judicial attack when it is clearly shown that the prescribed, applicable, administrative remedies have not been exhausted.[6] Until an administrative order has been entered, an appeal will not lie to this court. Southland Industries, Inc., v. Federal Communications Commission, supra note 5. We think then that as this court, which has exclusive jurisdiction over appeals from the Commission and equal equitable powers with other appel-

---

[5] Saginaw Broadcasting Co. v. Federal Communications Commission, 68 App.D.C. 282, 96 F.2d 554, 559; certiorari denied Gross v. Saginaw Broadcasting Co., 59 S.Ct. 72, 83 L.Ed. ——, October 10, 1938; Southland Industries, Inc., v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117; 66 W.L.R. 808; Woodmen of World Life Ins. Ass'n v.

Federal Communications Commission, 69 App.D.C. 87, 99 F.2d 122; Red River Broadcasting Co. v. Federal Communications Commission, 69 App.D.C. 3, 98 F.2d 282, certiorari denied 59 S.Ct. 86, 83 L.Ed. ——.

[6] Red River Broadcasting Co. v. Federal Communications Commission, supra note 5.

late courts, would not have the power, pending a final order, to entertain any jurisdiction over this cause, by stronger reason the district court would have no jurisdiction, and therefore properly dismissed the bill of plaintiff.

Plaintiff argues strongly that our holding in Saltzman v. Stromberg-Carlson Tel. Mfg. Co., 60 App.D.C. 31, 46 F.2d 612, is authority for the maintenance of the bill for injunctive relief against the Commission. With that conclusion we do not agree. The statutory language in the Radio Act of 1927, which controlled that case, was materially different from the language of the Act of 1934, particularly in respect of appellate jurisdiction in such a case involving revocation of license. The former Act authorized an election to appeal either to this court or to the District Court of the United States for the district in which the apparatus licensed was operated, and contained no provisions for an exclusive remedy. In the latter Act, this tribunal was vested with exclusive jurisdiction of such an appeal as well as other appeals from the Commission, and the exclusive remedy for persons aggrieved was made appeal to this court, subject to petition for writ of certiorari to the Supreme Court. In that case, the complainant had a valid existing station license which was in effect revoked by Commission action. Here plaintiff does not have a permit or license. Under the Act of 1934, the Saltzman Case no longer can be urged as an authority to divest the Commission of its right and duty to determine issues properly before it under its broad powers as defined by Congress.

The case at bar shows particularly the soundness of Congressional action in providing for exclusive remedy by appeal. Here plaintiff actively practiced its case before the Commission, even to the extent of filing an opposition to the petition for rehearing and filing a petition for reconsideration of the order now denied to exist. It thus recognized and acquiesced completely in the prescribed administrative procedure, until it decided, with a bill in equity, to force the permit, which had been tentatively issued and thereafter in due course set aside by order of the Commission. This attempted blockade of the duties of the agency which is entrusted by statute to determine matters of which this is one shows clearly that plaintiff is not entitled to relief under general equity powers by the issuance of the highly discretionary writ of injunction. It being necessary to receive an administrative determination before the judicial remedy prescribed by statute inures to the benefit of an applicant, it becomes very clear that this cause is entirely uncognizable in equity.

Plaintiff is asking that a permit or license be granted by the Commission and then endeavors actually to enjoin the Commission from holding a hearing to determine whether or not in the public interest, convenience, or necessity, it should grant the permit thus in effect forcing the issuance of a license to it. It assumes that the Commission, in the hearing which it must conduct, will possibly conclude the matter against it. This is highly conjectural. There is no subsisting reason that is submitted that would allow us to uphold this contention. It may be that the Commission will, as it has done in the past, determine the matter in favor of the plaintiff, but, at any rate, it is necessary for the plaintiff to submit to hearing and receive or be refused an order. As was said by the Supreme Court in Highland Farms Dairy, Inc., v. Agnew, 300 U.S. 608, 616, 57 S.Ct. 549, 553, 81 L.Ed. 835: "One who is required to take out a license will not be heard to complain, in advance of application, that there is danger of refusal."[7] We said in Red River Broadcasting Co. v. Federal Communications Commission, supra note 5, "so, in this case appellant should have sought its remedies and awaited the action of the Commission. It cannot be heard to complain in this court that there was danger of refusal when it made no effort to do so." [page 288.].

---

[7] It was said in Ohio Custom Garment Co. v. Lind, D.C., 13 F.Supp. 533, 536: "The allegation is that 'if' such an order is made the effect will be to cause certain things to happen, none of which, however, are absolutely bound of necessity to flow from a cease and desist order. That such effect would follow such an order is a mere conclusion of the pleader. Such allegations are not admitted by the motion to dismiss. The court is of the opinion that these allegations do not state a cause of action warranting injunctive relief. They are all predicated upon conjecture as to what may at some time be done by the board by way of entering an order, and a further conjecture as to what effect that future order may have upon the complainant or its employees."

The bill of plaintiff also shows that a major portion of the work of constructing the station had been completed by the middle of November at great expense to it. It does not appear whether this work was started within the 20 day interval during which right to petition for rehearing existed or after the order granting the rehearing was issued, but, in either event, as there was no final grant of a permit or license to plaintiff, it went forward with its project at its peril, and therefore, is not entitled to relief in equity.

We have considered the errors raised in the supplemental assignment and find them to be without merit.

The decree of the lower court is affirmed.