GATES v. WOODS, Housing Expediter.

GATES et al. v. WOODS, Housing Expediter, et al.

Nos. 5761, 5770.

Circuit Court of Appeals
Fourth Circuit.

Aug. 17, 1948.

Philip H. Marcum, of Washington, D. C., for appellants.

William A. Moran, Sp. Litigation Atty., Office of the Housing Expediter, of Washington, D. C. (Ed Dupree, Gen. Counsel, and Hugo V. Prucha, Asst. Gen. Counsel, Office of the Housing Expediter, both of Washington, D. C., on the brief), for appellees.

Before PARKER and DOBIE, Circuit Judges, and WEBB, District Judge.

DOBIE, Circuit Judge.

These appeals are from two judgments of the United States District Court for the Southern District of West Virginia. The first action was instituted by Tighe E. Woods, Housing Expediter, against appellant, Lucile Gates, under § 206(b) of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., hereinafter called the Act. The appellant was charged with demanding and receiving from her tenants in a defense-rental area rents in excess of the maximum rentals established pursuant to the Act. The case was heard without a jury and the District Court found that the appellant had collected overcharges in varying amounts from her tenants. The trial judge thereupon ordered that appellant make restitution of the sums received in excess of the maximum legal rent and enjoined the appellant from thereafter demanding or receiving any rent which exceeded the prescribed maximum.

The second action was filed by the appellants, Lucile Gates, Harry A. Fitzgibbon and Mina J. Fitzgibbon (hereinafter called the plaintiffs), in the Court of Common Pleas of Cabell County, West Virginia, and was removed to the United States District Court for the Southern District of West Virginia. The action was brought to restrain Tighe E. Woods and Joseph D. Gessner in their official capacities as Housing Expediter and Rent Director of the Huntington Defense-Rental Area respectively from enforcing the Housing and Rent Act of 1947 and the Controlled Housing and Rent Regulation (12 F.R. 4331) issued thereunder with respect to certain housing accommodations owned by the plaintiffs. Since the properties involved in this second cause of action

are included in the first, we ordered that the appeals in the two cases be consolidated for hearing.

We first take up the second cause, the dismissal of the plaintiffs' complaint seeking an injunction. In their complaint, plaintiffs alleged that during July, 1947, they became the owners of certain housing accomodations in the West Virginia Defense-Rental Area. In November, 1947, they remodelled these premises and converted them into three-room apartments which were rented at a weekly rate of $15.00 each. On February 3, 1948, the Area Rent Director notified the plaintiffs that pursuant to § 5(d) of the Controlled Housing Rent Regulation, he proposed to establish a maximum rent upon these apartments. Thereafter, on February 11, 1948, the Area Rent Director issued two orders whereby a maximum rent of $7.00 per week was fixed for each apartment, and the orders were made retroactive to November 18, 1947. The plaintiffs entered no objections to these orders as provided in Rent Procedural Regulation 1 (12 F.R. 5916), but on February 18, 1948, filed in the State Court an injunction bill seeking to restrain the Housing Expediter and the Rent Director (hereinafter called defendants) from enforcing the two orders of February 11, 1948.

▇ Upon the defendants' motion to dismiss, the District Judge indicated that he would hear oral argument only upon the questions of whether plaintiffs had a plain and adequate remedy at law and whether they had failed to pursue their administrative remedy. Thereafter the trial court granted the defendants' motion to dismiss and assigned no reason therefor. We think that plaintiffs' failure to pursue their administrative remedies amply affords sufficient ground for the judgment of the lower court, and we, therefore, do not consider the remaining reasons assigned by defendants to sustain the order of dismissal.

▇ The rule is well settled that a person must first exhaust the prescribed administrative remedy before he can seek any relief in the courts. As our present Chief Justice (then sitting in the United States Court of Appeals for the District of Columbia) said in Black River Valley Broadcasters, Inc. v. McNinch, 69 App.D.C. 311, 101 F.2d 235, at 238:

"It has long been the established rule that proceedings in equity for an injunction cannot be maintained where the complaining party has a plain, adequate, and complete remedy at law for the right sued upon. * * * In general, where there is an administrative remedy provided by statute, it has been declared to be a plain, adequate and complete remedy, barring injunctive relief."

Section 204(b) of the Act provides that "the Housing Expediter shall, by regulation or order, make such adjustments in such maximum rents as may be necessary to correct inequities * * *," and Section 204(d) authorizes the Housing Expediter to issue such regulations and orders as he deems necessary to carry out the policy in rent control enunciated by Congress in the Act. Accordingly, the Housing Expediter has laid down in the Controlled Housing Rent Regulation (12 F.R. 4331) an elaborate set of rules for rent increases, adjustments and other determinations. Furthermore, in Rent Procedural Regulation 1 (12 F.R. 916, 5923) an orderly, simple and efficient procedure is prescribed for the Office of Rent Control, Office of the Housing Expediter, in making the various kinds of determinations in connection with establishment of maximum rents. For a landlord aggrieved by a determination there is provided the right of administrative appeal from the Rent Director to the Regional Rent Administrator and from there to the Housing Expediter. §§ 8408, 840.23–840.45 of Rent Procedural Regulation 1.

Sec. 1(b) (8) (i) of the Controlled Housing Rent Regulation provides that in order to exclude housing accomodations completed or created by conversion on or after February 1, 1947, from the application of the Regulation the landlord must file a report of decontrol in the area rent office within a specified time. Rent Procedural Regulation 1 (§§ 840.17–840.22) prescribes the appropriate administrative proceedings on such applications for decontrol and pro-

vides for investigations and conferences with the landlord, who is given the opportunity to present evidence with the consequent right to administrative review.

■ The plaintiffs have not even attempted to avail themselves of these administrative remedies. They argue that the rent director has exceeded his jurisdiction and that a full investigation would have disclosed that the property in question was decontrolled. The plaintiffs, however, did nothing to bring the facts concerning the property to the attention of the rent director; rather they rushed into the State Court and sought an injunction to checkmate the Housing Expediter and his subordinates from carrying out the duties imposed upon them by the Act. To sanction such procedure on their part would cut the heart out of administrative action and lead to chaos in the courts. The rule as to the exhaustion of administrative remedies applies just as forcibly when, as here, the contention is made that the administrative agency lacked jurisdiction over the subject-matter. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638, and cases there cited.

The plaintiffs' argument that Sec. 204(d) of the Act does not authorize the Housing Expediter to prescribe regulations pursuant to which maximum rents may be established is manifestly devoid of merit. The Housing Expediter is expressly empowered to issue regulations and orders to adjust maximum rents and to determine which housing accomodations in a defense-rental area are "controlled" and which are excluded by Sec. 202(c) of the Act from the term "controlled housing accomodations." There can be no question of his power to set up the proper administrative machinery to carry out these functions. The fact that the present Controlled Housing Rent Regulation is largely a copy of a regulation issued under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., makes no difference.

■ With respect to the first appeal— that of the appellant Gates from the order of restitution and injunction—we quote from the memorandum opinion of the trial judge:

"In the present case there is no dispute as to the maximum legal rent on these various apartments. The single issue is whether defendants charged and received more than the maximum legal rent.

"Tenants of six different apartments testified as to the manner in which defendant made the overcharges and how she sought to conceal the same from the rent investigators. A typical example of the scheme employed was what occurred in reference to the apartment rented by Mrs. Robert DeFoe. She paid $15 per week rental, but was given a receipt for $10 and was told to show only the $10 receipt should the rent investigators come around. She would not accept checks because the check would show the true amount of rent paid. In one instance she did accept a check for the full amount of rent from Mrs. Robert Mahoney, but required Mrs. Mahoney to put on the check "For Rent and change" before she would accept it. In fact no change was returned. In another instance an overcharge of fifty cents per week was made under pretense that the extra charge was for a refrigerator. No application was made for an increase of rent because of any increased facilities or service.

"Defendant offered several witnesses who testified that they were present at different times when the tenants paid their rent and they observed that only the maximum rent was paid. Thus, decision in this case depends upon a question of fact—the amount of rent collected. After seeing the witnesses and observing their interest and demeanor, I am convinced that the tenants were telling the truth about the overcharges."

The trial judge, who saw and heard the witnesses, must determine their credibility and with his determination of that question we cannot interfere. Mycalex Corporation v. Pemco Corporation, 4 Cir., 159 F.2d 907, 910, 911. The power to order restitution of excess rentals seems clear. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

The judgments of the lower court in both cases are affirmed.

Affirmed.