BAY STATE BEACON, Inc. v. FEDERAL
COMMUNICATIONS COMMISSION
(CUR–NAN CO., Intervener).

No. 9766.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1948.

Decided Dec. 20, 1948.

Mr. Philip J. Hennessey, Jr., of Washington, D. C., for appellant.

Mr. Richard A. Solomon, Chief of Litigation Section Federal Communications Commission, of Washington, D. C., with whom Mr. Harry M. Plotkin, Assistant General Counsel, Federal Communications Commission, Mr. Max Goldman, Acting Assistant General Counsel, Federal Communications Commission, and Miss Mary Jane Morris, Counsel, Federal Communications Commission, all of Washington, D. C., were on the brief, for appellee. Mr. Benedict P. Cottone, General Counsel, Federal Communications Commission, of Washington, D. C., also entered an appearance for appellee.

Mr. Jos. L. Rauh, Jr., of Washington, D. C., with whom Messrs. Irving J. Levy and Wm. W. Kramer, both of Washington, D. C., were on the brief, for intervener Cur-Nan.

Before PRETTYMAN and PROCTOR, Circuit Judges, and McGUIRE, District Judge, sitting by designation.

McGUIRE, District Judge.

This is an appeal from a final decision of the Federal Communications Commission released January 14, 1948 denying application of appellant Bay State Beacon,

Inc., for a construction permit for a broadcasting station in Brockton, Massachusetts, to operate on 1450 kilocycles, with 250 watts power; and granting the intervener Cur-Nan's mutually exclusive application for the same facilities.

There is no need to detail the extended proceedings which culminated in the decision referred to. Originally there were six mutually exclusive applications filed. Three of these were subsequently withdrawn and hearings were had with reference to those of the appellant, the intervenor, and that of another applicant, the Plymouth County Broadcasting Company. A proposed decision favoring Plymouth was adopted. The Commission then reconsidered and issued its first decision awarding the permit to Cur-Nan. This was later set aside, but on further briefs and argument the Commission reaffirmed its grant, in the decision here in issue.

Appellant bases its argument for reversal in the main on the claim that the decision of the Commission was based upon a so-called "quantitative analysis" of the amount of time to be devoted by itself and Cur-Nan to commercial programs, that the application of such a test is beyond the authority of the Commission, violative of the Communications Act, 47 U.S.C.A. § 151 et seq. and unconstitutional. It further urges that the Commission's conclusion respecting integration of ownership and management, and that of local ownership, is not supported by the record. There is no merit in these contentions.

First of all the Commission predicates its decision on the application of no such test. It is true that the factor of the proportionate amount of time devoted to commercial programs was considered, but it was in no sense controlling, although it undoubtedly played an important part in leading the Commission to the conclusion it finally reached.

■ The test applied was that of "'public convenience, interest, or necessity' * * * the touchstone for the exercise of the Commission's authority." Federal Communications Commission v. Pottsville Broadcasting Company, 1940, 309 U. S. 134, 137, 138, 60 S.Ct. 437,439, 84 L.Ed. 656.

In applying this yardstick it not only was concerned with the matter of the time devoted to commercial programs, but it found also in addition that the intervener Cur-Nan by virtue of its greater integration of ownership and management, could more effectually realize its over-all proposed operation plans.

It found also that Cur-Nan had made in the latter respect a more realistic approach to the needs of the community to be served, by intelligent planning, in an effort to properly evaluate the type and kind of program that would best serve it. These findings are amply sustained by the record.

■ To argue that the Commission may not in the performance of its plain duty inquire into the amount of sustaining time a prospective licensee purports to reserve if granted a license, and to further argue that if it does, such inquiry is in excess of its authority contravenes the First Amendment and constitutes censorship prohibited by Sec. 326 of the Act, is to suggest that Congress intended to create the Commission and then by the very act of its creation, stultify and immobilize it in the performance of the specific functions that called it into being. Congress obviously intended no such thing. The test laid down for the guidance of the Commission is as practical as any that could be devised for a body functioning as it does in the field of delegated authority—and "serves as a *supple* instrument for the exercise of discretion by the expert body which Congress has charged to carry out its legislative policy." Federal Communications Commission v. Pottsville Broadcasting Company, supra, 309 U.S. at 138. (Emphasis supplied.) While with reference to the alleged constitutional violation, certainly if a denial of a license would be violative of the First Amendment, then every unsuccessful applicant would have the right of free speech throttled and abridged, National Broadcasting Company v. United States, 1943, 319 U.S. 190, 226, 63 S.Ct. 997, 87 L. Ed. 1344—a palpably absurd conclusion.

The point raised further by the appellant with reference to so-called "local ownership" is utterly devoid of significance, for reasons implicit in what has been said above.

828

The present Chief Justice of the United States, speaking then for this Court in Black River Valley Broadcasts v. McNinch, 1938, 69 App.D.C. 311, 313, 101 F.2d 235, 237—and on the same subject, said:

"The Commission is an administrative agency set up by Congress to determine under statutory direction the rights of the people of the United States to have the best possible radio service. The interest, convenience, and necessity of the public is an essential test for the privilege of operating a radio station. This determination is, by the Act of 1934, lodged in the Commission. It is the only proper agency to decide these public questions, and its findings, under the law, must be maintained if they are not arbitrary or capricious, or erroneous in law, and are based upon substantial evidence."—citing Federal Radio Commission v. Nelson Bros. Bond & Mortgage Co., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, 89 A.L.R. 406.

Having considered, as we must, all alleged errors of law, Broadcasting Service Organization v. Federal Communications Commission, U.S.App.D.C., 171 F.2d 1007, we reaffirm the views thus expressed and since the Commission's decision is neither arbitrary nor capricious but based on substantial evidence supported by the record, and there being no error in law, it is therefore,

Affirmed.