RULEY, JUDGE:
This claim was submitted for decision following the filing of a written stipulation by the parties and brief oral argument.
The stipulation states that, as a subscriber to the Coal- *99 Worker’s Pneumoconiosis Fund, claimant inadvertently paid excessive premiums in 1974, 1975, and 1976 which amounted to $33,101.04. The respondent refused to refund this amount or to give claimant credit on future premiums. The gist of respondent’s argument is that claimant did not comply with Section 5.01 of the Rules and Regulations of the Coal-Worker’s Pneumo-coniosis Fund (effective December 2, 1973), under which Chafin Coal could have applied for reclassification of its business.
Section 5.01 provides: “A subscriber may, at anytime during the first six months of a subscription year, make a written request for partial or total reclassification of his business, or for the exclusion of certain of his operations, or for specific employments.” (Emphasis supplied.) Section 5.02 states that a subscriber shall be entitled to a refund of an excess premium paid “based upon an evaluation of the experience of the subscriber during the subscription year.”
The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act. 1A M.J., Administrative Law, §17; Gates v. Woods, 169 F.2d 440 (4th Cir. 1948). It is apparent that claimant herein failed to seek relief under the available regulations, and, for that reason, the Court is obligated to deny this claim.
Claim disallowed.